IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Beckham Jewelry, LLC, Debtor           Case No. 25-01234-JAW
                                                CHAPTER 11

## MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL

Beckham Jewelry, LLC, (the debtor), by and through its undersigned counsel, hereby moves this Court for entry of interim and final orders authorizing the use of cash collateral and granting adequate protection pursuant to 11 U.S.C. 105(a) and 363(c). In support of this Motion, the Debtor respectfully states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. 1408 and 1409.

2. A UCC Financing Statement was discovered identifying "C T Corporation System as representative" as the secured party, filed by John James. Upon contacting the filer, undersigned counsel was advised that the actual secured creditor ("Secured Creditor") has chosen not to publicly disclose their identity at this time but intends to make contact within fourteen (14) days. Once the Secured Creditor is identified, the Debtor will serve them with a copy of this motion. In the interim, this motion will be served on C T Corporation System, as they are the party listed as the secured party in the UCC Financing Statement.

3. The Debtor is currently in control of cash collateral. Secured Creditor asserts an interest in the Debtor's real and personal property, including cash collateral, which constitutes proceeds of the collateral and therefore, constitutes cash collateral under 11 U.S.C.

363(a). *Hancock Bank v. Dist. Dir., IRS (In re Creel)*, 214 B.R. 838 (Bankr. E.D. La. 1997) A

3. The Debtor has an immediate business need to use cash collateral to continue operations, acquire goods and services, and pay other necessary and essential business expenses. Failure to use such cash collateral would irreparably harm the business.

4. The Debtor maintains bank accounts at BankPlus. The Debtor requests to close all existing banking accounts and centralize their depository accounts with BankPlus or Regions, including but not limited to Debtor-in-Possession (DIP) accounts, and will not open any additional accounts at other financial institutions without court approval. The Debtor also requests permission to continue using existing bank accounts until the DIP accounts are created.

5. The Debtor requests an interim order, pending a final order, authorizing the use of cash collateral pursuant to 11 U.S.C. 105(a) and 363(c) to continue to manage the collection and disbursement of their cash in the ordinary course of business.

7. The Debtor asks for an order granting the use of cash collateral on a temporary basis for the expenses listed in the budget attached hereto as Exhibit "A" through June 30, 2025.

WHEREFORE, the Debtor respectfully requests that this Court enter an interim order, pending a final hearing, authorizing the use of cash collateral as set forth herein, and granting such other and further relief as the Court deems just and proper.

                        Respectfully submitted,
                        Beckham Jewelry, LLC
                        BY:    /s/ Thomas C. Rollins, Jr.
                                 Thomas C. Rollins, Jr.

Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533

CERTIFICATE OF SERVICE

     I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Motion For Interim And Final Orders Authorizing Use of Cash Collateral was forwarded on May 15, 2025 to:

By First Class Mail:

     C T Corporation System
     330 N Brand Blvd, Suite 700
     Attn: SPRS
     Glendale, CA 91203

By Electronic CM/ECF Notice:

     U.S. Trustee
     Subchapter 5 Trustee

                            /s/ Thomas C. Rollins, Jr.
                            Thomas C. Rollins, Jr. (MSBN 103469)