UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

BECKHAM JEWELRY, LLC,                              CASE NO: 25-01234-JAW

DEBTOR.                                             CHAPTER 11

---

**OBJECTION TO DEBTOR'S MOTION FOR INTERIM AND FINAL
ORDERS AUTHORIZING USE OF CASH COLLATERAL [DKT. 14]**

---

COMES NOW, Creditor TDLDC Retail I, LLC ("Landlord"), by and through undersigned counsel, and files this Objection to Debtor Beckham Jewelry, LLC's Motion for Interim and Final Orders Authorizing Use of Cash Collateral [Dkt. 14], and in support thereof states:

1.     In this debtor in possession case, Debtor Beckham Jewelry, LLC commenced this proceeding to buy additional time to conduct an in-store liquidation sale of its jewelry store business that it was unable to begin, with months of planning, before an agreed upon, court-ordered May 8, 2025 deadline to do so.  Such a sale is subject to a notice and hearing process.  *See* 11 U.S.C. § 363(b)(1) ("trustee, after notice and a hearing, may use, sell, or lease, <u>other than in the ordinary course of business</u>"); 11 U.S.C. § 1107(a) ("a debtor in possession shall have all the rights . . . and powers, and shall perform all functions and duties . . . of a trustee serving under this chapter").  The Debtor has not filed such motion, but intends to stay in business long enough to liquidate by using a creditors' cash collateral.

2.      Debtor's motion, with respect to the use of cash collateral to continue normal store operations, includes a proposed operating budget [Dkt. 14-1] that suggests continued operations of the jewelry store will generate a rosier-than-reality $8,296.42 monthly net income *after* payment of expenses, including store rent and common expenses.  Debtor, however, has not made a single payment of any amount to Landlord since January 2024, has not made a full monthly payment since August 2023, and has not had a $0.00 balance with Landlord since August 2022.  *See* [Dkt. 41-2].

3.      Debtor did not cooperate with Landlord's attempts to retake possession of the store in January 2025, and then in March 2025, proposed that a company specializing in conducting liquidation sales for jewelry stores could conduct a short, 8-week sale for Debtor and generate more than enough to repay Landlord over $190,000 in unpaid rent, common area expenses and other leased-based expenses.  In the subsequent eviction action filed in the County Court of Hinds County, Debtor agreed to the entry of an order requiring, among other things, that it begin the sale by May 8, 2025, and make installment payments to Landlord every two weeks.  *See* [Dkt. 41-4].  The same order provided that Landlord would be entitled to immediate possession if Debtor failed to meet any of the order's requirements.  Debtor missed the sale start deadline, Landlord applied for a warrant of removal consistent with that order, and Debtor commenced this bankruptcy proceeding.

4.      Landlord has now filed a Motion [Dkt. 41] asking the bankruptcy court to immediately reject Debtor's jewelry store lease.  Any rejection of the lease would

not mean Debtor cannot sell its inventory.  It would simply mean Debtor cannot remain in the store and conduct a liquidation sale there.

5.       For these reasons, Landlord objects to Debtor's motion to the extent it seeks permission for Debtor to utilize cash collateral to continue operations of the jewelry store at Landlord's location.

RESPECTFULLY SUBMITTED, this 23rd day of May, 2025.

**TDLDC RETAIL I, LLC**

By:      */s/ Robert B. Ireland, III*
          Robert B. Ireland, III (MSB # 100708)
          WATKINS & EAGER PLLC
          Post Office Box 650
          Jackson, Mississippi 39205-0650
          Telephone:  (601) 965-1900
          E-Mail:  rireland@watkinseager.com

## CERTIFICATE OF SERVICE

I, Robert B. Ireland, III, do hereby certify that I have caused to be served the above and foregoing pleading on all parties requesting notice by using the ECF filing system of the court:

> Thomas Carl Rollins, Jr.
> trollins@therollinsfirm.com
>
> Jennifer A. Curry Calvillo
> jennifer@therollinsfirm.com
>
> Craig M. Geno, Trustee
> cmgeno@cmgenolaw.com
>
> Christopher J. Steiskal, Sr., U.S. Trustee
> Christopher.j.steiskal@usdoj.gov

This 23rd day of May, 2025.

/s/ Robert B. Ireland, III
ROBERT B. IRELAND, III

4