IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Beckham Jewelry, LLC, Debtor                    Case No. 25-01234-JAW
                                                          CHAPTER 11

## DEBTOR'S MOTION TO EMPLOY WILKERSON, INC. AS SALE CONSULTANT

Beckham Custom Jewelry Co. (the "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case, respectfully submits this motion (the "Motion") pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authority to retain and employ Wilkerson, Inc. ("Wilkerson") as its sale consultant. In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this chapter 11 case and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 327(a) of the Bankruptcy Code, and Bankruptcy Rules 2014 and 9013.

3. On May 14, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### BACKGROUND

4.  The Debtor is engaged in the sale of custom jewelry and related high-end gemstones. Since filing, the Debtor has determined that it needs a qualified, experienced sales consultant to maximize the value of its jewelry inventory and certain large-diamond holdings through a structured sales plan. In that regard, the Debtor proposes to enter into a Sale Consultant Agreement (the "Agreement") with Wilkerson, Inc. A true and correct copy of the fully executed Agreement is attached hereto as Exhibit A.

5.  Under the Agreement, Wilkerson has agreed to use its industry expertise and sales network to market, negotiate, and consummate transactions for the Debtor's jewelry and diamond inventory. In exchange, Wilkerson's compensation is a commission of eleven percent (11%) of the gross sale price for merchandise and four percent (4%) of the gross sale price for large diamonds, all as more fully set forth in the Agreement. The Agreement further provides that Wilkerson may be paid commissions on a weekly basis upon submission of an invoice reflecting that week's sales.

## RELIEF REQUESTED

6.  By this Motion, the Debtor requests entry of an order authorizing it to (a) retain and employ Wilkerson as its sale consultant, and (b) pay Wilkerson's post-petition commissions in accordance with the terms of the Agreement without the need for Wilkerson to file interim or final fee applications, subject to the reporting requirements described below.

## BASIS FOR RELIEF

7.  Under section 327(a) of the Bankruptcy Code, a debtor in possession may employ "professional persons" to assist with administration of the case, provided that the

professional is "disinterested" and does not hold or represent an interest adverse to the estate. See 11 U.S.C. § 327(a). Bankruptcy Rule 2014(a) requires that an application for retention set forth the "nature of the employment," the "reasons for the employment," and "to the best of the applicant's knowledge, all of the professional's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee." Fed. R. Bankr. P. 2014(a).

8. Here, the Debtor requires an experienced sales consultant to monetize its jewelry and diamond inventory efficiently under the chapter 11 process. Wilkerson is uniquely qualified: it has more than twenty years of experience marketing, brokering, and selling high-end jewelry and loose diamonds, including clients in the bankruptcy context. Wilkerson's professionals have successfully managed and sold similar assets on behalf of other chapter 11 debtors, and their pre-petition experience in comparable sales demonstrates their ability to maximize value for unsecured creditors.

## QUALIFICATIONS OF WILKERSON

9. Wilkerson is a well-established business consultant headquartered in Stuttgart Arkansas, with a nationally recognized sales team focused on high-value jewelry. Wilkerson's personnel assigned to this engagement—Bill McDonald—has over twenty (20) years of experience in selling fine jewelry.

10. Wilkerson has represented that it is "disinterested" within the meaning of section 101(14) of the Bankruptcy Code. Specifically, (a) to the best of Wilkerson's knowledge, except as disclosed in its Declaration (attached as Exhibit B hereto), Wilkerson has no material connection with the Debtor, its creditors, any other party in interest, or their respective

attorneys or accountants, and (b) Wilkerson does not hold or represent any interest adverse to the Debtor's estate with respect to the matters for which it is to be retained.

### TERMS OF EMPLOYMENT

11. Pursuant to the Agreement, Wilkerson will be paid on a commission basis as follows:

    a. For jewelry sales (e.g., bracelets, necklaces, rings appraised under $50,000), Wilkerson shall receive an eleven percent (11%) commission on the gross sale price of each item sold.

    b. For loose diamonds appraised at $50,000 or greater (the "Large Diamonds"), Wilkerson shall receive a four percent (4%) commission on the gross sale price of those Large Diamonds.

    c. Wilkerson's commissions shall be payable weekly, within seven (7) business days after submission of a written invoice to the Debtor reflecting that week's closed transactions.

12. All expenses connected with the Program shall be the responsibility of Debtor including, but not limited to:

    a. weekly stipend of $1,050.00 to the Consultant;

    b. a one-time travel fee in the amount of $400.00 for Consultant;

    c. advertising costs;

    d. the cost of all consignment memo merchandise sold at the Program, and

    e. to the extent these expenses are fronted by Wilkerson, Debtor may also reimburse Wilkerson payable weekly, within seven (7) business days after submission of a written invoice to the Debtor reflecting that week's expenses.

13. All amounts paid to Wilkerson post-petition will be paid from the Debtor's cash collateral or operating funds, as appropriate.

14. Wilkerson should be excused from filing interim or final fee applications to receive its post-petition commissions. Instead, Wilkerson should file a monthly report (the "Monthly Sales Report") with the Court summarizing (i) the gross sales for the prior month, (ii) the commissions earned by Wilkerson, and (iii) the amounts paid and expenses reimbursed to Wilkerson during that period. The United States Trustee, Subchapter V Trustee and any other party in interest in this case shall have fourteen (14) days from service of each Monthly Sales Report to file an objection to the commissions set forth therein. If no timely objection is filed, Wilkerson may retain the commissions set forth in the report without further order of the Court. If an objection is filed, the Court will schedule a hearing solely on the objectionable amounts.

15. Wilkerson will not charge any hourly rate, retainer, success fee, or other amounts beyond the commissions described above. No other transaction fees, consulting fees, or termination fees are payable to Wilkerson.

16. To the best of the Debtor's knowledge (after reasonable inquiry), Wilkerson (a) is not a creditor, equity security holder, or insider of the Debtor; (b) is not and was not, within two years before the Petition Date, a director, officer, or employee of the Debtor; and (c) does not hold or represent an interest adverse to the Debtor's estate.

17. Wilkerson has provided the Debtor with a verified declaration of disinterestedness and lack of adverse interest in substantially the form attached hereto as Exhibit B (the "Wilkerson Declaration"). To the extent Wilkerson subsequently discovers any additional

relevant connections or facts bearing on the matters described herein, Wilkerson will promptly file a supplementary declaration.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit C, (a) authorizing the Debtor to retain and employ Wilkerson, Inc. as sale consultant, (b) approving the terms of Wilkerson's compensation as set forth in the Agreement, (c) permitting Wilkerson to be paid its post-petition commissions on a weekly basis without further application or fee hearing, and (d) granting such other and further relief as is just and proper.

Respectfully submitted,

Beckham Jewelry, LLC, APPLICANT

BY:

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

## **CERTIFICATE OF SERVICE**

      I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Application was forwarded on June 3, 2025, to:

By Electronic CM/ECF Notice:

    Case Trustee

    U.S. Trustee

                                              /s/ Thomas C. Rollins, Jr.
                                              Thomas C. Rollins, Jr.