IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    Beckham Jewelry, LLC, Debtor             Case No. 25-01234-JAW
                                                    CHAPTER 11

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF WILKERSON, INC. AS SALE CONSULTANT

Upon the Debtor's Motion to Employ Wilkerson, Inc. as Sale Consultant (the "Motion"); and the Court having reviewed the Motion, the Agreement, and the Wilkerson Declaration; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and opportunity for a hearing were appropriate under the circumstances and no other notice need be provided, (d) Wilkerson does not hold or represent an interest adverse to the estate and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, (e) the employment of Wilkerson is necessary and in the best interests of the Debtor's estate, and (f) good and sufficient cause exists for the relief granted herein; it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized to employ and retain Wilkerson, Inc. as its sale consultant, pursuant to the terms of the Sale Consultant Agreement (attached hereto as Exhibit A).

3. Wilkerson shall be compensated solely on a commission basis as follows:

    a. An eleven percent (11%) commission on the gross sale price of all jewelry sold;

    b. A reduced four percent (4%) commission on the gross sale price of all large diamonds sold;

    c. Wilkerson's commissions shall be payable weekly upon submission of an invoice reflecting that week's closed transactions.

4. All expenses connected with the Program shall be the responsibility of Debtor including, but not limited to:

   a) weekly stipend of $1,050.00 to the Consultant;

   b) a one-time travel fee in the amount of $400.00 for consultant;

   c) advertising costs;

   d) the cost of all consignment memo merchandise sold at the Program, and

   e) to the extent these expenses are fronted by Wilkerson, Debtor may also reimburse Wilkerson payable weekly, within seven (7) business days after submission of a written invoice to the Debtor reflecting that week's expenses.

5. Wilkerson is authorized to refrain from filing interim or final fee applications to receive its post-petition commissions. Instead, Wilkerson shall file a monthly report (the "Monthly Sales Report") with the Court summarizing (i) the gross sales for the prior month, (ii) the commissions earned by Wilkerson, and (iii) the amounts paid to Wilkerson during that period. The United States Trustee, Subchapter V Trustee and other parties in interest shall have fourteen (14) days from service of each Monthly Sales Report to file an objection to the commissions set forth therein. If no timely objection is filed, Wilkerson may retain the commissions set forth in the report without further order of the Court. If an objection is filed, the Court will schedule a hearing solely on the objectionable amounts.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

#END OF ORDER#

Submitted by:
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com