IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:      Beckham Jewelry, LLC, Debtor                   Case No. 25-01234-JAW
                                                                         CHAPTER 11

## DEBTOR'S MOTION TO EXPEDITE HEARING ON MOTION TO EMPLOY WILKERSON, INC.

Beckham Custom Jewelry Co. (the "Debtor"), debtor and debtor in possession in the above-captioned Chapter 11 case, hereby moves this Court for entry of an order shortening notice and expediting the hearing scheduled on the Debtor's "Motion to Employ Wilkerson, Inc. as Sale Consultant (the "Employment Motion," Docket No. 58). In support thereof, the Debtor respectfully represents as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is sections 102(1) and 105(a) of the Bankruptcy Code, Rules 9006(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. On May 14, 2025 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Debtor proposes entering into a written Sale Consultant Agreement (the "Agreement") with Wilkerson, Inc. ("Wilkerson"), a nationally recognized jewelry broker and consultant. A true and correct copy of the Agreement is attached as Exhibit A to the Employment Motion.

5. Under the Agreement, Wilkerson agreed to deploy an on-site sales team—led by Bill McDonald —to market and sell the Debtor's high-end jewelry and large-diamond inventory at the Debtor's retail location in Jackson, MS, on terms including:

    a. **11% commission** on gross sale price for jewelry;

    b. **4% commission** on gross sale price for diamonds appraised at $50,000 or more (the "Large Diamonds"); and

    c. Weekly payment of earned commissions, upon submission of invoice.

6. The Debtor filed its Employment Motion on 6/4/2025 (see Docket No. 58). Under ordinary circumstances, Rule 2002(a)(6) would require at least 21 days' notice before a hearing on retention applications.

7. TDLDC Retail I, LLC ("Landlord"), the Debtor's largest creditor, demands immediate vacation of the premises. Without a prompt sale of inventory on-site, the Debtor's chance of maximizing recoveries is severely impaired.

8. Wilkerson's on-site team must begin preparations on Friday, June 19, 2025. Wilkerson's final availability will expire August 2, 2025. If this Court does not grant expedited relief, Wilkerson cannot perform any material sales activities before expiration of its availability window, and the estate will forfeit significant value.

9. Bankruptcy Rule 9006(c)(1) authorizes the Court to reduce notice periods "for cause shown." Under Rule 9007, the Court may regulate notice and prescribe the form and manner in which it must be given. Section 105(a) likewise empowers the Court to "issue any order … necessary or appropriate to carry out the provisions of [the Code]."

10. "Cause" exists to expedite the hearing because:

    a. Wilkerson's Agreement contemplates on-site marketing beginning June 19, 2025. Delaying sale preparations beyond that date would render Wilkerson's service window (ending August 2) too short to complete a thorough marketing program.

    b. The Debtor's landlord—its largest scheduled creditor—has demanded that the Debtor vacate the retail premises immediately. Unless the Debtor's sales consultant can begin on-site work on June 19, the Debtor will be forced out of its sole location, stalling any value-enhancing liquidation.

    c. Time truly is of the essence: the longer the sale process, the greater chance to secure offers on high-value items. Both the Debtor and Wilkerson believe that delaying the hearing (and thus delaying employment) will materially impair the estate's ability to realize optimal bid levels.

11. The exigent facts described above constitute sufficient cause to shorten the notice period and expedite the hearing on the Employment Motion to the date and time provided herein.

12. By this Motion, the Debtor requests that the Court enter an order:

    a. Shortening the notice period for the hearing on the Employment Motion so that (i) objections, if any, must be filed no later than 4:00 p.m. central time on June 11, 2025, and (ii) all papers in support of the Employment Motion shall be deemed timely if served by June 5, 2025.

    b. Scheduling an expedited hearing on the Employment Motion for June 12, 2025 at 1:30 p.m. in the Thad Cochran United States Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, Mississippi.

    c. Granting such other and further relief as the Court deems just and proper.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    Beckham Jewelry, LLC,
    APPLICANT

    BY:
    /s/ Thomas C. Rollins, Jr.
    Thomas C. Rollins, Jr. (MSBN 103469)
    The Rollins Law Firm, PLLC
    P.O. Box 13767
    Jackson, MS 39236
    601-500-5533
    trollins@therollinsfirm.com

## CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that I have this day electronically filed with the Court, a true and correct copy of the above and foregoing Motion on this date, June 4, 2025. All interested parties will receive CM/ECF from the Court.

    /s/ Thomas C. Rollins, Jr.
    Thomas C. Rollins, Jr.