

P.O. Box 13767
Jackson, MS 39236
(P) 601.500.5533
(F) 601.500.5296
www.therollinsfirm.com

June 5, 2025

The Honorable Jamie A. Wilson
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of Mississippi
501 E. Court Street, Suite 2.300
Jackson, MS 39201

Re: *In re Beckham Jewelry, LLC*, Case No. 25-01234-JAW – Debtor's Motion to Employ Wilkerson, Inc. as Sale Consultant and to Pay Weekly Commissions Without Fee Applications

Dear Judge Wilson:

Beckham Jewelry, LLC (the "Debtor") respectfully submits this letter brief in support of its pending motion to (i) employ Wilkerson, Inc. ("Wilkerson") as sale consultant and (ii) pay Wilkerson's contractual commissions on a weekly basis without requiring Wilkerson to file interim or final fee applications.[1] The requested mechanism—weekly payments subject to a short objection window—has been approved repeatedly in this Circuit and nation-wide when a debtor seeks to monetize retail inventory or other assets through a commission-based consultant.

In *Tuesday Morning*, Judge Hale approved this type of agreement under 11 U.S.C. § 365. The final store-closing order stated:

> "The Debtors are authorized to act and perform in accordance with the terms of the Consulting Agreement, including making payments required by the Consulting

---

[1] See Debtor's Motion to Employ Wilkerson, Inc. as Sale Consultant (ECF No. 58) at 11–12 (proposed compensation structure and reporting mechanism).



P.O. Box 13767
Jackson, MS 39236
(P) 601.500.5533
(F) 601.500.5296
www.therollinsfirm.com

Agreement to the Consultant *without the need for any application of the Consultant or a further order of the Court.*"²

Courts in both the Northern and Southern Districts of Texas have adopted the same language in chapter 11 cases:

- Stage Stores (S.D. Tex. 2020) – "making payments required by the Consulting Agreement to the Consultant without the need for any application of the Consultant or a further order of the Court"³
- J.C. Penney, Francesca's, and similar cases likewise dispense with fee applications once the commission structure is approved.

Those orders rest on the principle that sales consultants are **not** "professionals" within the meaning of 11 U.S.C. § 327. The procedural posture here is slightly different: the cited cases involved assumption of an existing pre-petition consulting agreement, whereas the Debtor seeks to execute a new, post-petition agreement. Because the proposed contract will be entered into after the petition date and in the ordinary course of business, it falls under § 363(c)(1) and therefore does not require separate court approval. If the court determines that the agreement falls outside the ordinary course of business, then it can still be approved under § 363(b).

For the reasons set forth in the Motion and the authorities cited herein, the Debtor respectfully asks the Court to enter an order:

1. Authorizing the Debtor to employ Wilkerson as sale consultant;
2. Approving Wilkerson's commission schedule; and
3. Permitting weekly payment of commissions, subject only to the Monthly Sales Report/objection procedure, without further fee applications.

---

² *Final Order Granting the Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Consulting Agreement; (Ii) Approving Procedures for Store Closing Sales; (Iii) Approving the Sale of Store Closure Assets Free and Clear of All Liens, Claims and Encumbrances; (Iv) Waiving Compliance With Applicable State Laws and Approving Dispute Resolution Procedures; (V) Approving Procedures to Conduct Sales in Additional Closing Stores; and (Vi) Granting Related Relief, In re Tuesday Morning Corp.*, No. 20-31476-hdh11 (Bankr. N.D. Tex. June 9, 2020), ECF No. 197 ¶ 12.

³ *Final Order (I) Authorizing the Debtors to Close Stores And Wind-Down Operations, (Ii) Authorizing the Debtors to Assume and Perform Under The Consulting Agreement Related to the Store Closings, (Iii) Approving Procedures for Store Closing Sales, (Iv) Approving Modifications to Certain Customer Programs, and (V) Granting Related Relief, In re Stage Stores, Inc.*, No. 20-32564 (Bankr. S.D. Tex. June 10, 2020), ECF No. 435 ¶ 18. See also *In re Brookstone Holdings Corp.*, 592 B.R. 27, 36-39 (Bankr. D. Del. 2018) (liquidators are not "§ 327 professionals"; commissions paid without fee applications).



P.O. Box 13767
Jackson, MS 39236
(P) 601.500.5533
(F) 601.500.5296
www.therollinsfirm.com

We appreciate the Court's consideration and are available at the Court's convenience should it have any questions.

Respectfully submitted,

Thomas C. Rollins, Jr. (MS Bar No. 103469)
Counsel for the Debtor and Debtor-in-Possession

cc: All other parties in interest via ECF notice