1
2
3
4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

5
6

IN RE:

BECKHAM JEWELRY, LLC

CASE NO: 25-01234

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 11

7
8
9
10

11

On 6/5/2025, I did cause a copy of the following documents, described below,

Order to Expedite Hearing and Application to Employ

12
13
14
15
16
17
18

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

19

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

20
21
22

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

23

DATED: 6/5/2025

24

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.  103469

25
26

The Rollins Law Firm
PO Box 13767
Jackson, MS  39236
601 500 5533
jennifer@therollinsfirm.com

27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

BECKHAM JEWELRY, LLC

CASE NO: 25-01234

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 11

On 6/5/2025, a copy of the following documents, described below,

Order to Expedite Hearing and Application to Employ

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/5/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
PO Box 13767
Jackson, MS  39236

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

| CASE INFO | DEBTOR | ~~EXCLUDE~~ |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 25-01234<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>THU JUN 5 9-29-27 PST 2025 | BECKHAM JEWELRY  LLC<br>120 DISTRICT BLVD  STE D110<br>JACKSON  MS 39211-6304 | ~~(U)TDLDC RETAIL I  LLC~~ |

~~EXCLUDE~~

| | | |
|---|---|---|
| ~~US BANKRUPTCY COURT~~<br>~~THAD COCHRAN US COURTHOUSE~~<br>~~501 E COURT STREET~~<br>~~SUITE 2300~~<br>~~JACKSON  MS 39201-5036~~ | BARNES  BAILEY   JANO<br>5 RIVERBEND PLACE<br>STE A<br>FLOWOOD  MS 39232-7618 | BRIAN BECKHAM<br>120 DISTRICT BLVD<br>STE D110<br>JACKSON  MS 39211-6304 |
| DAZZLE IMPORTS<br>5555 GLENDRIDGE CONNEC<br>STE 200<br>ATLANTA  GA 30342-4815 | DYNASTY CASTING<br>644 SHREWSBERRY COMMON<br>SHREWSBURY  PA 17361-1617 | ELDAR  INC<br>3068 N 2700 E<br>FORREST  IL 61741 |
| GARY CARRIERE<br>125 DEATON RD<br>OWENS CROSS ROADS  AL 35763-9553 | HAKIMI DIAMOND CORP<br>15 W 47TH ST<br>NEW YORK  NY 10036-3305 | HEERA MOTI  INC<br>15 W 47TH ST<br>STE 808<br>NEW YORK  NY 10036-3327 |
| HINDS CO TAX COLLECTOR<br>PO BOX 1727<br>JACKSON  MS 39215-1727 | HINDS COUNTY TAX COLLECTOR<br>316 SOUTH PRESIDENT ST<br>JACKSON MS 39201-4801 | IRS<br>CO US ATTORNEY<br>501 EAST COURT ST<br>STE 4430<br>JACKSON  MS 39201-5025 |
| IRS<br>CENTRALIZED INSOLVENCY<br>PO BOX 7346<br>PHILADELPHIA  PA 19101-7346 | (P)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | KAPITUS<br>2500 WILSON BLVD  STE<br>ARLINGTON  VA 22201-3873 |
| KELLY WATERS<br>PO BOX 240924<br>BOSTON  MA 02124-0016 | KERRY WHITT  CO<br>125 DEATON RD<br>OWENS CROSS ROADS  AL 35763-9553 | LAMHA<br>20 W 47ST ST<br>STE 807<br>NEW YORK  NY 10036-4298 |
| MS DEPT OF REVENUE<br>BANKRUPTCY SECTION<br>PO BOX 22808<br>JACKSON  MS 39225-2808 | MCLEOD  RIGEL  PA<br>10 PROFESSIONAL PKWY<br>HATTIESBURG  MS 39402-2636 | MISSISSIPPI DEPARTMENT OF REVENUE<br>BANKRUPTCY SECTION<br>PO BOX 22808<br>JACKSON  MS 39225-2808 |
| NIVODA<br>580 5TH AVE<br>STE 2508<br>NEW YORK  NY 10036-4771 | OVERNIGHT MOUNTINGS  I<br>1400 PLAZA AVE<br>NEW HYDE PARK  NY 11040-4921 | ROBERT B IRELAND  III  ESQ<br>WATKINS  EAGER PLLC<br>ATTY FOR TDLDC RETAIL I  LLC<br>PO BOX 650<br>JACKSON  MS 39205-0650 |

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

S KASHI
175 ROAD STE 204
GREAT NECK  NY 11021

STULLER
PO BOX 87777
LAFAYETTE  LA 70598-7777

TDLDC RETAIL I  LLC
300 CONCOURSE BLVD
STE 105
RIDGELAND  MS 39157-2091

TR JEWELRY CONCEPTS
2707 MT RUSHMORE RD
RAPID CITY  SD 57701-5324

US ATTORNEY SD MISSISSIPPI
CO INTERNAL REVENUE SERVICE
501 E COURT STREET  STE 4430
JACKSON  MS 39201-5025

US ATTORNEY SD MISSISSIPPI
CO US SECURITIES AND EXCHANGE COMMISS
501 E COURT STREET  STE 4430
JACKSON  MS 39201-5025

US SECURITIES AND EXCHANGE COMMISSION
OFFICE OF REORGANIZATION
950 EAST PACES FERRY ROAD  SUITE 900
ATLANTA  GA 30326-1382

US ATTORNEY GENERAL
US DEPT OF JUSTICE
950 PENNSYLVANIA AVENW
WASHINGTON  DC 20003

EXCLUDE
UNITED STATES TRUSTEE
501 EAST COURT STREET
SUITE 6-430
JACKSON  MS 39201-5022

WLBT
715 S JEFFERSON ST
JACKSON  MS 39201-5622

WLBT TELEVISION
CO SZABO ASSOCIATES  INC
3355 LENOX ROAD NE  SUITE 945
ATLANTA  GA 30326-1357

EXCLUDE
CRAIG M GENO
LAW OFFICES OF CRAIG M GENO  PLLC
601 RENAISSANCE WAY
SUITE A
RIDGELAND  MS 39157-6038

EXCLUDE
JENNIFER A CURRY CALVILLO
THE ROLLINS LAW FIRM
702 W PINE ST
HATTIESBURG  MS 39401-3836

EXCLUDE
THOMAS CARL ROLLINS JR
THE ROLLINS LAW FIRM  PLLC
PO BOX 13767
JACKSON  MS 39236-3767

_____

**SO ORDERED,**



Judge Jamie A. Wilson
United States Bankruptcy Judge
Date Signed: June 5, 2025

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:      Beckham Jewelry, LLC, Debtor                   Case No. 25-01234-JAW
                                                            CHAPTER 11

### ORDER GRANTING DEBTOR'S MOTION TO EXPEDITE HEARING
### ON MOTION TO EMPLOY WILKERSON, INC.

Upon the Debtor's Motion to Expedite Hearing on Motion to Employ Wilkerson, Inc. (the "Motion to Expedite," Docket No. 59 ), and the Court having reviewed the Motion to Expedite and any responses thereto, and finding that cause exists to shorten notice and hear the Debtor's Motion to Employ Wilkerson, Inc. (the "Employment Motion," Docket No. 58) on an expedited basis, and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion to Expedite is GRANTED as set forth herein.

2. The notice period under Bankruptcy Rule 2002(a)(6) and Local Rule 2002-1 is hereby shortened so that objections to the Employment Motion, if any, shall be filed and served no later than 4:00 p.m. central time on June 11, 2025.

3. The Employment Motion (Docket No. 58) shall be heard on June 12, 2025 at 1:30 p.m. in the Thad Cochran United States Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, Mississippi, to consider and act upon the Motion

4. Service of the Employment Motion and all accompanying papers by June 5, 2025 is deemed sufficient.

5. Written responses must be received on or before June 11, 2025 (Response Due Date). Please note that a corporation, partnership, trust, or other business entity, other than a sole proprietorship, may appear and act in Bankruptcy Court only through a licensed attorney. Attorneys and Registered Users of the Electronic Case Filing (ECF) system should file any response using ECF. Others should file any response at U.S. Bankruptcy Court, Thad Cochran U.S. Courthouse, 501 East Court Street, Suite 2.300, Jackson, MS 39201. If you file a response, you or your attorney are required to attend the Hearing. The Hearing will be electronically recorded by the Court.

6. If no objection to the Employment Motion is timely filed and served, the Court may grant the requested relief without further hearing.

7. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###END OF ORDER###

Agreed by:
/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500- 5533
trollins@therollinsfirm.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    **Beckham Jewelry, LLC, Debtor**          Case No. 25-01234-JAW
                                                    **CHAPTER 11**

### DEBTOR'S MOTION TO EMPLOY WILKERSON, INC.
### AS SALE CONSULTANT

Beckham Custom Jewelry Co. (the "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case, respectfully submits this motion (the "Motion") pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authority to retain and employ Wilkerson, Inc. ("Wilkerson") as its sale consultant. In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this chapter 11 case and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 327(a) of the Bankruptcy Code, and Bankruptcy Rules 2014 and 9013.

3. On May 14, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### BACKGROUND

4. The Debtor is engaged in the sale of custom jewelry and related high-end gemstones. Since filing, the Debtor has determined that it needs a qualified, experienced sales consultant to maximize the value of its jewelry inventory and certain large-diamond holdings through a structured sales plan. In that regard, the Debtor proposes to enter into a Sale Consultant Agreement (the "Agreement") with Wilkerson, Inc. A true and correct copy of the fully executed Agreement is attached hereto as Exhibit A.

5. Under the Agreement, Wilkerson has agreed to use its industry expertise and sales network to market, negotiate, and consummate transactions for the Debtor's jewelry and diamond inventory. In exchange, Wilkerson's compensation is a commission of eleven percent (11%) of the gross sale price for merchandise and four percent (4%) of the gross sale price for large diamonds, all as more fully set forth in the Agreement. The Agreement further provides that Wilkerson may be paid commissions on a weekly basis upon submission of an invoice reflecting that week's sales.

**RELIEF REQUESTED**

6. By this Motion, the Debtor requests entry of an order authorizing it to (a) retain and employ Wilkerson as its sale consultant, and (b) pay Wilkerson's post-petition commissions in accordance with the terms of the Agreement without the need for Wilkerson to file interim or final fee applications, subject to the reporting requirements described below.

**BASIS FOR RELIEF**

7. Under section 327(a) of the Bankruptcy Code, a debtor in possession may employ "professional persons" to assist with administration of the case, provided that the

professional is "disinterested" and does not hold or represent an interest adverse to the estate. See 11 U.S.C. § 327(a). Bankruptcy Rule 2014(a) requires that an application for retention set forth the "nature of the employment," the "reasons for the employment," and "to the best of the applicant's knowledge, all of the professional's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee." Fed. R. Bankr. P. 2014(a).

8. Here, the Debtor requires an experienced sales consultant to monetize its jewelry and diamond inventory efficiently under the chapter 11 process. Wilkerson is uniquely qualified: it has more than twenty years of experience marketing, brokering, and selling high-end jewelry and loose diamonds, including clients in the bankruptcy context. Wilkerson's professionals have successfully managed and sold similar assets on behalf of other chapter 11 debtors, and their pre-petition experience in comparable sales demonstrates their ability to maximize value for unsecured creditors.

## QUALIFICATIONS OF WILKERSON

9. Wilkerson is a well-established business consultant headquartered in Stuttgart Arkansas, with a nationally recognized sales team focused on high-value jewelry. Wilkerson's personnel assigned to this engagement—Bill McDonald—has over twenty (20) years of experience in selling fine jewelry.

10. Wilkerson has represented that it is "disinterested" within the meaning of section 101(14) of the Bankruptcy Code. Specifically, (a) to the best of Wilkerson's knowledge, except as disclosed in its Declaration (attached as Exhibit B hereto), Wilkerson has no material connection with the Debtor, its creditors, any other party in interest, or their respective

attorneys or accountants, and (b) Wilkerson does not hold or represent any interest adverse to the Debtor's estate with respect to the matters for which it is to be retained.

## TERMS OF EMPLOYMENT

11. Pursuant to the Agreement, Wilkerson will be paid on a commission basis as follows:

   a. For jewelry sales (e.g., bracelets, necklaces, rings appraised under $50,000), Wilkerson shall receive an eleven percent (11%) commission on the gross sale price of each item sold.

   b. For loose diamonds appraised at $50,000 or greater (the "Large Diamonds"), Wilkerson shall receive a four percent (4%) commission on the gross sale price of those Large Diamonds.

   c. Wilkerson's commissions shall be payable weekly, within seven (7) business days after submission of a written invoice to the Debtor reflecting that week's closed transactions.

12. All expenses connected with the Program shall be the responsibility of Debtor including, but not limited to:

   a. weekly stipend of $1,050.00 to the Consultant;

   b. a one-time travel fee in the amount of $400.00 for Consultant;

   c. advertising costs;

   d. the cost of all consignment memo merchandise sold at the Program, and

   e. to the extent these expenses are fronted by Wilkerson, Debtor may also reimburse Wilkerson payable weekly, within seven (7) business days after submission of a written invoice to the Debtor reflecting that week's expenses.

13. All amounts paid to Wilkerson post-petition will be paid from the Debtor's cash collateral or operating funds, as appropriate.

14. Wilkerson should be excused from filing interim or final fee applications to receive its post-petition commissions. Instead, Wilkerson should file a monthly report (the "Monthly Sales Report") with the Court summarizing (i) the gross sales for the prior month, (ii) the commissions earned by Wilkerson, and (iii) the amounts paid and expenses reimbursed to Wilkerson during that period. The United States Trustee, Subchapter V Trustee and any other party in interest in this case shall have fourteen (14) days from service of each Monthly Sales Report to file an objection to the commissions set forth therein. If no timely objection is filed, Wilkerson may retain the commissions set forth in the report without further order of the Court. If an objection is filed, the Court will schedule a hearing solely on the objectionable amounts.

15. Wilkerson will not charge any hourly rate, retainer, success fee, or other amounts beyond the commissions described above. No other transaction fees, consulting fees, or termination fees are payable to Wilkerson.

16. To the best of the Debtor's knowledge (after reasonable inquiry), Wilkerson (a) is not a creditor, equity security holder, or insider of the Debtor; (b) is not and was not, within two years before the Petition Date, a director, officer, or employee of the Debtor; and (c) does not hold or represent an interest adverse to the Debtor's estate.

17. Wilkerson has provided the Debtor with a verified declaration of disinterestedness and lack of adverse interest in substantially the form attached hereto as Exhibit B (the "Wilkerson Declaration"). To the extent Wilkerson subsequently discovers any additional

relevant connections or facts bearing on the matters described herein, Wilkerson will
promptly file a supplementary declaration.

WHEREFORE, the Debtor respectfully requests that the Court enter an order,
substantially in the form attached hereto as Exhibit C, (a) authorizing the Debtor to retain and
employ Wilkerson, Inc. as sale consultant, (b) approving the terms of Wilkerson's compensation
as set forth in the Agreement, (c) permitting Wilkerson to be paid its post-petition commissions
on a weekly basis without further application or fee hearing, and (d) granting such other and
further relief as is just and proper.

Respectfully submitted,

Beckham Jewelry, LLC, APPLICANT

BY:

 /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

## CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Application was forwarded on June 3, 2025, to:

By Electronic CM/ECF Notice:

Case Trustee

U.S. Trustee

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

# AGREEMENT

This agreement (the "Agreement") entered into by and between **BECKHAM JEWELRY, LLC D/B/A BECKHAM CUSTOM JEWELRY CO.**, (hereinafter referred to as "CLIENT"), and BOBBY WILKERSON, INC., (hereinafter referred to as "WILKERSON"), is for the purpose of planning and conducting a promotional sale of CLIENT'S stock of merchandise located at **120 DISTRICT BLVD., STE. D110, JACKSON, MS 39211** (the "Premises").

**1. EVENT PROGRAM**: WILKERSON shall provide to CLIENT a complete event program (the "Program") including, but not limited to, printed materials, pricing materials, and tags, as well as specialized advertising such as newspaper ads, radio spots and banners ("Program Materials"). All printed materials and specialized advertising materials are copyrighted by WILKERSON and are for the exclusive use of CLIENT only within the time frame of the Agreement and are not to be copied, distributed, or used, directly or indirectly, by CLIENT or by any other person or entity other than as set forth herein. All Program Materials whether or not protected by federal copyright will remain the property of WILKERSON and will be removed by WILKERSON at the conclusion of the Program.

**2. PROGRAM CONSULTANT**: WILKERSON shall also recommend an independent consultant (hereafter Consultant) who will assist and advise CLIENT in the planning, supervision, and management of the Program. The Consultant will arrive at the Premises on or about the **16th day of June, 2025** and will remain at such location for the duration of the Program.

**3. DURATION OF PROGRAM**: WILKERSON and CLIENT agree that the Program shall begin with a mailing on or about **June 19, 2025** (hereafter "Commencement Date") announcing a private sale on or about **June 24, 2025**, and to be concluded at the discretion of WILKERSON, but in no case later than **August 2, 2025** (hereafter "Contractual Ending Date"). The Commencement Date through the Contractual Ending Date is hereafter the "Sale Term".



DEBTOR'S EXHIBIT
**A**
The Rollins Law Firm, PLLC

BECKHAM CUSTOM JEWELRY: 2025

**4. COMPENSATION**: In consideration for providing the services, advertising development and creativity, newspaper camera-ready ads, and Sales Consultant, CLIENT shall pay to WILKERSON as compensation a fee of **11%** of the total net sales generated during the Sale Term. Total net sales (hereafter Total Net Sales) is defined as the total gross sales (including, but not limited to layaway, charge, credit and cash sales), minus repairs, sales tax and credit card fees. Collections of layaways and accounts receivable during the Sale Term which were on the books prior to the beginning of the Program (a list of these items shall be provided to WILKERSON by CLIENT prior to the beginning of the Program) are not included as Total Net Sales. Notwithstanding anything contained herein to the contrary, the commission paid to WILKERSON on the sale of natural diamond solitaires of one carat or larger shall be 4% of net sales. In the event said natural diamond of one carat or larger is mounted and sold, then WILKERSON shall be paid a commission of 4% of net sales on the natural diamond and its normal commission as set out herein on the mount.

**5. EXPENSES**: All expenses connected with the Program shall be the responsibility of CLIENT including, but not limited to:

a. weekly stipend of $1,050.00 to the Consultant;

b. a one-time travel fee in the amount of $400.00 for consultant;

c. the cost of all consignment memo merchandise sold at the Program, and

d. all unpaid invoices owed WILKERSON.

**6. PAYMENT OF FEES**. WILKERSON'S fee shall be paid on Tuesday mornings by check or bank draft, payable to WILKERSON. The first fee payment shall be due on Tuesday morning, **July 1, 2025** and shall include the percentage of Total Net Sales due WILKERSON as set forth herein plus all charges for signs, supplies, and all consignment memo merchandise sold to date as set forth herein. Each remaining weekly fee payments shall be made each Tuesday morning thereafter and shall include the percentage of Total Net Sales due WILKERSON from that week, charges for additional supplies that have not been paid for, and the cost of all consignment memo merchandise

2

sold that week.   Any outstanding balance due WILKERSON hereunder is payable in full on the second business day after the Contractual Ending Date.

Also payable with the first fee payment but *paid directly to the Consultant* is the one-time travel fee of $400.00 and the stipend for arrival day to date. Each remaining weekly stipend payments shall be made to the Consultant on each Tuesday morning for that week.

**7. DISBURSEMENTS:**   WILKERSON'S agent shall be given complete access during the term of this Program to all financial records associated with the Program, including any records indicating the revenue and disbursements associated with the Program, sales tickets, bank deposit receipts, and well as any disbursement records. *CLIENT shall reimburse to WILKERSON for any monies advanced on behalf of CLIENT relating to the Program.*

**8. ADDITIONAL INVENTORY**:  If permitted locally, WILKERSON shall have the right to supplement the Program with additional inventory. Title to such additional inventory shall remain vested in WILKERSON before, during and after the Program. WILKERSON shall have the absolute and unconditional right to file a financing statement and/or security agreement on all additional inventory supplied by WILKERSON.

**9. INSURANCE**: CLIENT shall provide complete insurance coverage on all inventory located at the Premises, as well as any additional inventory provided by WILKERSON or obtained for CLIENT by WILKERSON from other vendors.  CLIENT shall provide WILKERSON with a certificate of insurance showing WILKERSON as a loss payee for all additional inventory (no additional inventory will be shipped until this Certificate of Insurance is provided), and as additional insured on liability insurance. CLIENT further agrees to diligently pursue any claim under said policy or policies and will forthwith upon their collection pay over to WILKERSON the amount of the proceeds relating to or resulting from loss or damage to WILKERSON'S additional inventory or any additional inventory WILKERSON obtained for CLIENT.

BECKHAM CUSTOM JEWELRY: 2025

**10. RESTRICTIONS**:  From the date of execution of this Agreement until the completion of the Program, CLIENT shall not (*i*) make any retail sales other than in the ordinary course of business and at customary prices that CLIENT'S customers are accustomed to, or (*ii*) advertise or conduct a "Retirement, Liquidation, Closing, Moving, or Fire sale" of any sort until the commencement of the Program contemplated herein unless otherwise authorized by WILKERSON. No employee or principal of CLIENT shall make any sales of jewelry within or outside of CLIENT'S premises other than for the benefit of the Program.

**11. ENFORCEMENT**:   In the event that any provision contained herein should be declared void, illegal or otherwise unenforceable, such provisions will be deemed to be severable and all remaining provisions of the Agreement will remain in full effect.

**12. DEFAULT AND REMEDIES**. In the event of default or failure of CLIENT to comply with any term, condition or obligation stated herein, WILKERSON may: (*i*) recall any Consultant or other personnel; and (*ii*) declare immediately due all fees or other sums due WILKERSON.

**13. COMPLETE AGREEMENT**: The provisions contained herein and the provisions of any consignment security agreement entered into between the Parties, constitute the full and complete agreement between the parties.  No agent of WILKERSON has the authority to waive or modify this Agreement or to bind WILKERSON by making any promises or representations not contained herein.  It is expressly understood that there are no agreements or guarantees concerning promotion profits, gross proceeds or percentage of items to be sold, expressed, written or implied by WILKERSON other than those set forth herein.  The liability of WILKERSON to CLIENT for any reason arising from or out of the execution, performance, or attempted execution or performance of this Agreement will be limited to the fees to date due and payable, to WILKERSON, hereunder.

4

BECKHAM CUSTOM JEWELRY: 2025

In no event shall this Agreement be deemed to create a partnership or joint venture between WILKERSON and CLIENT, nor shall WILKERSON be liable for any obligations, liabilities, income or sales taxes of CLIENT.

EXECUTED THIS _____ DAY OF _____, 2025.


**BECKHAM JEWELRY, LLC**          BOBBY WILKERSON, INC.
**D/B/A BECKHAM CUSTOM JEWELRY CO.**


By: _____          By: _____
    OWNER/AUTHORIZED AGENT              BWI SELLING AGENT

Title: _____          Date: _____

    APPROVED AND ACCEPTED:


    _____
    Authorized Agent/Officer

5

**Beckham Custom Jewelry Co**
**Jackson, MS**
**6/3/25**

### *WILKERSON COMMISSION SALE*

|  | #1 | #2 | #3 |
|---|---|---|---|
| **SALES GOAL** | $ 444,625 | $ 485,046 | $ 505,256 |
| Inventory at Cost | 599,733 | 599,733 | 599,733 |
| Number of weeks | 8 | 8 | 8 |
| Avg Markup | 3.00 | 3.00 | 3.00 |
| Avg Discount on Inventory | 50% | 50% | 50% |
| Commission to Wilkerson | 11% | 11% | 11% |
| Percent of inventory projected sold | 44% | 49% | 50% |
| Advertising | 6.0% | 6.0% | 6.0% |
| Travel fee | 400 | 400 | 400 |
| Consultants' Expense | 150 | 150 | 150 |
| | | | |
| **INCOME** | | | |
| Sales of original inventory | $ 399,422 | $ 436,306 | $ 449,800 |
| Sales of Memo merchandise | 45,203 | 48,740 | 55,456 |
| Total gross sales | **444,625** | **485,046** | **505,256** |
| | | | |
| Cost of Original Inventory Sold | 266,281 | 290,871 | 299,867 |
| Projected Gross Margin on Wilkerson Merch: | 40% | 40% | 40% |
| Cost of Wilkerson merchandise sold | 27,122 | 29,244 | 33,274 |
| TOTAL COST OF GOODS SOLD | **293,403** | **320,115** | **333,140** |
| | | | |
| **Proj. Gross Profit from Wilkerson Merch:** | **18,081** | **19,496** | **22,183** |
| **Gross Profit from Sales of Original Inventory** | **133,141** | **145,435** | **149,933** |
| | | | |
| **EXPENSES** | | | |
| Advertising | 26,678 | 29,103 | 30,315 |
| Consultant Expense | 9,450 | 9,450 | 9,450 |
| Commission to Wilkerson | 48,909 | 53,355 | 55,578 |
| Travel fee | 400 | 400 | 400 |
| Fixed Store Overhead | 30,485 | 30,485 | 30,485 |
| TOTAL EXPENSES | **115,921** | **122,793** | **126,229** |
| | | | |
| **Non Commissioned Additional Income** | | | |
| Repairs | 10,560 | 11,520 | 12,000 |
| Furniture, Fixtures & Equipment | 15,000 | 15,000 | 15,000 |
| CC Fee Wilkerson Commission Credit | 880 | 960 | 1,000 |
| Diamond Commission Adjustment | 1,556 | 1,698 | 1,768 |
| RJO Vendor Merchandise Dividend 5.2% | 1,410 | 1,521 | 1,730 |
| **Total Non Commissioned Income** | **29,407** | **30,699** | **31,499** |
| | | | |
| **Total Cash less cost of memo to Owner:** | **446,910** | **486,500** | **503,481** |
| LESS TOTAL EXPENSES | (115,921) | (122,793) | (126,229) |
| **DOLLARS RETURN TO OWNER** | **$ 330,989** | **$ 363,708** | **$ 377,253** |
| Less Cost of Original Inventory: | (266,281) | (290,871) | (299,867) |
| **Net Profit:** | **$ 64,707** | **$ 72,837** | **$ 77,386** |
| | | | |
| Value of Owner's Goods Sold | $1.24 | $1.25 | $1.26 |
| Gross Margin of Profit on Gross Sales: | **34%** | **34%** | **34%** |
| | | | |
| VALUE OF REMAINING INVENTORY | $333,452 | $308,862 | $299,867 |

The figures provided are estimates only. They are not to be interpreted
as a guarantee, either written or verbal. This projection is to be used
only as a guideline and is subject to change.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    Beckham Jewelry, LLC, Debtor

Case No. 25-01234-JAW
CHAPTER 13

## AFFIDAVIT

STATE OF _Arkansas_
COUNTY OF _Arkansas_

_Richard O. Hayes_ of _Bobby Wilkerson, Inc_, being first duly sworn in connection with the

application of the Debtor that I be employed as sales consultant for the above referenced Debtor

to perform services in the aforesaid styled and numbered matter, do herby state:

1.     That, to the best of my knowledge, I represent no interest adverse to said Debtor, Trustee or the Estate of the Debtor in the matters upon which I am to be engaged and that I am a disinterested party, except as set out below.
2.     That, to the best of my knowledge, I have no connection or affiliation with the Debtor, Trustee, creditors, or other parties in interest herein, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set out below.
3.     That said services shall be rendered under a commission fee agreement.

FURTHER, AFFIANT SAITH NOT.

Dated this the _4th_ day of _June_, 20_25_.

X _Richard O. Hayes_

By: _Richard O. Hayes_

SWORN TO AND SUBSCRIBED BEFORE ME, this the _4th_ day of
_June_, 20_25_.

_Denise L Brown_

NOTARY PUBLIC

**DENISE L BROWN**
ARKANSAS COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires June 21, 2034
Commission No. 12400625

**DEBTOR'S EXHIBIT**
**B**

The Rollins Law Firm, PLLC