# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| IN RE: | BECKHAM JEWELRY, INC. | CASE NO. | 25-01234-JAW |
| | DEBTOR(S) | CHAPTER | 11 |

## UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO EMPLOY WILKERSON, INC., AS SALE CONSULTANT [DKT. #58]

COMES NOW David W. Asbach, Acting United States Trustee for Region 5 ("UST"), by and through undersigned counsel, and files this Objection to the Debtor's Motion to Employ Wilkerson, Inc., as Sale Consultant (Dkt. #58), in the above styled and numbered cause, and in support thereof respectfully submits the following:

1.  11 U.S.C. § 327(a) states the trustee, with court approval, may employ one or more attorneys or other professional persons that do not hold or represent an interest adverse to the bankruptcy estate, and that are disinterested persons, to represent the trustee in carrying out the trustee's duties.[1]

2.  "The determinative question in approving the employment of a professional person is whether it is reasonably necessary during the administration of the estate to have professional persons, such as attorneys or accountants, employed." 3 COLLIER ON BANKRUPTCY ¶ 327.02[1] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2019). The burden is on the trustee to prove that the applicant should be retained. *In re Bigler, LP*, 422 B.R. 638, 643 (Bankr. S.D. Tex. 2010).

---

[1] With certain limitations, the debtor-in-possession shall have all the rights, other than the right to compensation under section 330, and powers, and shall perform all the functions and duties, with some exceptions, of a trustee in a chapter 11 case. 11 U.S.C. § 1107(a).

3. The UST requests confirmation that the commission amounts requested in the Wilkerson retention application are of a same or similar nature to compensation paid to Wilkerson by non-bankruptcy clients.

4. The UST objects to the proposed Wilkerson compensation procedure. Wilkerson proposes to pay itself weekly after submission of an invoice to the Debtor. The UST avers that Wilkerson should not be paid until their proposed compensation invoices are reviewed by the Debtor, the UST, the Subchapter V Trustee, and the other parties in interest. The UST avers that Wilkerson shall submit its monthly invoices and proposed commissions to the Debtor, the UST, the Subchapter V Trustee, and all other parties in interest (the "invoice recipients"). After a time certain to review the monthly invoice, if the invoice recipients do not object to the proposed compensation, the Debtor shall make payment to Wilkerson.

5. The proposed objection process to the commissions should also include an objection process for any proposed expenses and/or advertising costs for Wilkerson.

6. The UST objects to the proposed weekly stipend. The UST requests more information on why Wilkerson needs a $1,050 weekly stipend.

7. The UST requests more information as to the total amount of advertising costs to be charged by Wilkerson.

8. The UST requests more information on the existence of consignment memo merchandise and the total cost of all consignment memo merchandise sold at the complete event program.

9.      The UST requests more information on whether the Debtor has insurance in place on its assets that is required under Paragraph #9 of the proposed Agreement with Wilkerson.

10.     Paragraph #13 of the proposed Agreement appears to address indemnity. Any claim for indemnification should be subject to court approval. Also, the UST is unsure why there is a limit on Wilkerson's liability that is "limited to the fees to date and payable, to Wilkerson." Additionally, indemnification should not stretch to any claim or expense that results from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct of a Wilkerson professional.

11.     The UST requests a copy of the signed and executed Agreement between the Debtor and Wilkerson.

12.     The UST reserves the right to raise additional objections at any hearing on this matter.

WHEREFORE, PREMISES CONSIDERED, the United States Trustee prays that the Court consider the UST's objection before ruling on the Debtor's motion. The United States Trustee further prays for all general and equitable relief to which entitled.

RESPECTFULLY SUBMITTED, this the <u>11th</u> day of June, 2025.

                         DAVID W. ASBACH
                         Acting United States Trustee
                         Region 5, Judicial Districts of
                         Louisiana and Mississippi

By:   <u>/s/Christopher J. Steiskal, Sr.</u>
        CHRISTOPHER J. STEISKAL, SR.

CHRISTOPHER J. STEISKAL, SR. (MSB #101654)
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
501 EAST COURT STREET, SUITE 6-430

JACKSON, MS  39201
TEL: (601) 965-5241
EMAIL: christopher.j.steiskal@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served this day on the below named individual(s) via first class United States Mail at the address listed below, or by Notice of Electronic Filing via the email address on file with the Court's CM/ECF system:

Thomas C. Rollins, Jr.                                     Craig M. Geno

DATED, this the 11th day of June, 2025.

                                                */s/Christopher J. Steiskal, Sr.*
                                                CHRISTOPHER J. STEISKAL, SR.