United States Bankruptcy Court
Southern District of Mississippi

| | |
|---|---|
| In re: | Case No. 25-01234-JAW |
| Beckham Jewelry, LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0538-3 | User: mssbad | Page 1 of 2 |
| Date Rcvd: Jun 10, 2025 | Form ID: pdf012 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 12, 2025:**

**Recip ID         Recipient Name and Address**
dbpos           +  Beckham Jewelry, LLC, 120 District Blvd, Ste D110, Jackson, MS 39211-6304

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Jun 12, 2025 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 10, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Christopher J. Steiskal, Sr. | on behalf of U.S. Trustee United States Trustee christopher.j.steiskal@usdoj.gov  jen.kirk@usdoj.gov;cara.pardue@usdoj.gov |
| Craig M. Geno | cmgeno@cmgenolaw.com  kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com |
| Craig M. Geno | on behalf of Trustee Craig M. Geno cmgeno@cmgenolaw.com  kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com |
| Jennifer A Curry Calvillo | on behalf of Debtor In Possession Beckham Jewelry  LLC jennifer@therollinsfirm.com, jennifer.curry.ecf@gmail.com,CalvilloJR81745@notify.bestcase.com |
| Robert B. Ireland, III | on behalf of Creditor TDLDC Retail I  LLC rireland@watkinseager.com, kleblanc@watkinseager.com |
| Thomas Carl Rollins, Jr | on behalf of Debtor In Possession Beckham Jewelry  LLC trollins@therollinsfirm.com, |

District/off: 0538-3      User: mssbad      Page 2 of 2
Date Rcvd: Jun 10, 2025      Form ID: pdf012      Total Noticed: 1

jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

United States Trustee

USTPRegion05.JA.ECF@usdoj.gov

TOTAL: 7

25-01234-JAW Dkt 71 Filed 06/12/25 Entered 06/12/25 23:40:04 Page 2 of 4

District/off: 0538-3      User: mssbad      Page 2 of 2
Date Rcvd: Jun 10, 2025      Form ID: pdf012      Total Noticed: 1

jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

United States Trustee

USTPRegion05.JA.ECF@usdoj.gov

TOTAL: 7

_____



**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: June 10, 2025**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:     BECKHAM JEWELRY, LLC                                        CHAPTER 11
           Debtor                                                      CASE NO. 25-01234-JAW

## ORDER

THIS CAUSE having come on for consideration of the *Motion to Require Escrowed Subchapter V Trustee Payments* (the "Motion") **[DK #17]** filed herein by Craig M. Geno, Subchapter V Trustee (the "Trustee"), and the Court having considered the Motion, and being fully advised in the premises, does hereby find as follows, to-wit:

1. The Trustee represents to the Court that notice of the Motion was filed in accordance with all applicable rules.

2. The Trustee has been appointed as the Subchapter V Trustee in this Chapter 11 case.

3. There is no statutory requirement for the debtor-in-possession in a Subchapter V case to pay, or even escrow, fees and expenses of the trustee (or any trustee for that matter) while the case is pending and before entry of an order on confirmation of a plan.

4. In many instances, Subchapter V cases end up being dismissed, or converted to a case under Chapter 7, with no funds being paid to the Subchapter V trustee.

5. In addition, a number of Subchapter V cases are filed that simply are not going to be able to submit a feasible Chapter 11 plan, and the earlier the parties in the case know that, the better

off everyone will be.

6.      Bearing all of these considerations in mind, the Court orders the Debtor to begin, immediately, depositing the sum of $1,000 per month with the Trustee, to be held in escrow, pending an application for compensation and notice and a hearing in connection with such application. The escrowed funds will be used to defray the Trustee's compensation, if any. Payments shall cease when the payments total $8,000, but may be resumed upon further order of the Court. In addition, these escrow payments shall be shown and reported in the Debtor's monthly operating reports.

7.      In the event the Debtor cannot afford to escrow $1,000 per month, or in the event the Debtor (or its equity security holders) are unwilling or unable to come up with $1,000 per month to fund an escrow, then the parties should know that sooner rather than later and take such action as necessary.

8.      Other courts around the country have granted similar motions in Subchapter V cases (although at least one court has declined to do so) and some courts either have pending local rules or standing orders requiring such retainers to be paid, subject to the fee application, notice and a hearing process.

9.      Accordingly, the Court hereby grants the Motion.

# # END OF ORDER # #

SUBMITTED BY:

Craig M. Geno, Esq. - MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
(601) 427-0048 - Telephone
(601) 427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Beckham Jewelry, LLC\Pleadings\Revised Order - Mot to Require Escrowed SubV Trustee Payments 5-19-25.wpd