IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | **BECKHAM JEWELRY, LLC** | **CHAPTER 11** |
| | Debtor | **CASE NO. 25-01234-JAW** |

### ANSWER AND RESPONSE TO MOTION
### FOR ORDER REJECTING BUSINESS LEASE

COMES NOW Craig M. Geno, the appointed Subchapter V Trustee in the above styled and numbered case (the "Trustee"), and files this his Answer and Response to the *Motion for Order Rejecting Business Lease* (the "Motion") **[DK #41]**, filed herein by TDLDC Retain I, LLC (the "Landlord") and, answering the allegations of the Motion paragraph by paragraph, would respectfully show as follows, to-wit:

1. Admitted.

2. Admitted.

3. The Trustee does not have sufficient information to admit or deny the allegations of Paragraph 3 of the Motion except with respect to the exhibit that is attached as Exhibit C. Accordingly, the Trustee denies the remaining allegations, inferences and conclusions contained in Paragraph 3.

4. Admitted.

5. The Trustee does not have sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 5 of the Motion and therefore denies them.

6. The Trustee does not have sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 6 of the Motion and therefore denies them.

7. Admitted with respect to the exhibit that is attached as Exhibit D.

8. The Trustee does not have sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 8 of the Motion and therefore denies them.

-2-

9. The Trustee does not have sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 9 of the Motion and therefore denies them.

10. Paragraph 10 of the Motion contains mostly legal issues and summaries of them and to that extent, they are admitted for whatever that may be worth.

11. Admitted, although the property of the estate that is contained within the leased premises is of significant concern to the Trustee, the creditors in this case and probably the Landlord.

12. The Debtor should be given a reasonable period of time to vacate the premises, prior to the rejection becoming effective in order to conduct a liquidation sale. The Debtor should be required to pay rent, of course, during this period of time.

13. The Trustee admits the motion to use cash collateral speaks for itself, and Debtor has now proposed a reserve for the secured creditor's potential secured claim.

14. The Trustee admits the noted authority speaks for itself.

15. Admitted as to what the Landlord requests; denied as to entitlement thereto.

WHEREFORE, PREMISES CONSIDERED, there is little question but that the Landlord is entitled to an order rejecting the lease, at some point in the future. However, that order should take into account the equities of the case, requirement that the Debtor pay rent on a timely basis to the Landlord and give the Debtor, and its estate, a reasonable period of time to conduct the liquidation sale that is pending. The Trustee prays for general relief.

THIS, the 18th day of June, 2025.

Respectfully submitted,

CRAIG M. GENO, SUBCHAPTER V TRUSTEE

By His Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Beckham Jewelry, LLC\Pleadings\Ans,Resp re TDLDC's Mot to Reject Lease 6-18-25.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Christopher J. Steiskal, Sr., Esq.
Office off the United States Trustee
christopher.j.steiskal@usdoj.gov

Robert B. Ireland, III, Esq.
rireland@watkinseager.com

THIS, the 18th day of June, 2025.

_____
Craig M. Geno

-3-