## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: Beckham Jewelry, LLC, Debtor          Case No. 25-01234-JAW
                                                                                                 CHAPTER 11

### DEBTOR'S MOTION FOR AUTHORITY TO PAY UNPAID
### PRE-PETITION WAGES, SALARIES, AND RELATED WITHHOLDINGS

Beckham Jewelry, LLC (the "Debtor"), by and through undersigned counsel, submits this *Motion for Authority to Pay Unpaid Pre-Petition Wages, Salaries, and Related Withholdings*. The Court has jurisdiction under 28 U.S.C. §§ 157 & 1334; this is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O).

### Background

The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 14, 2025 (the "Petition Date") and elected treatment under Subchapter V. Thomas C. ("T.C.") Rollins, Esq. represents the Debtor; Craig Geno serves as the Subchapter V trustee (the "Trustee").

The Debtor operates a single-location retail jewelry store in Jackson, Mississippi, and continues to manage its property and business as debtor-in-possession pursuant to 11 U.S.C. §§ 1184 and 1107.

Due to strained liquidity immediately before the petition date, certain payroll checks scheduled to be funded before May 14, 2025 (the "Petition Date") were not issued. Consequently, the Debtor owes each Employee the pre-petition amounts shown in Exhibit A.

All amounts were earned within 180 days of the Petition Date and fall well below the $17,150 per-employee cap of 11 U.S.C. § 507(a)(4)-(5). The Debtor also must remit

withheld federal and state payroll taxes and matching FICA contributions (collectively, the "Payroll Taxes"), which are not property of the estate under § 541(b)(7).

### Relief Requested

The Debtor seeks authority (a) to pay the Wage Obligations (not to exceed $17,150 per Employee) and the Payroll Taxes in the ordinary course.

The Debtor further requests that the Court waive the 14-day stay under Fed. R. Bankr. P. 6004(h) so that the order becomes effective immediately upon entry.

### Basis for Relief

A debtor may use estate property outside the ordinary course when there is a "sound business purpose." Paying the Employees fulfills that standard because the Debtor cannot continue operations—or preserve value for creditors—without them. Section 105(a) authorizes the Court to "issue any order…necessary or appropriate" to carry out chapter 11's provisions. Courts routinely invoke § 105(a) with § 363(b) to permit payment of critical employee wages.

The Wage Obligations qualify as priority claims under §§ 507(a)(4) & (5) and must ultimately be paid in full under § 1129(a)(9)(B). Granting this Motion merely accelerates payment of claims that will receive 100 ¢-on-the-dollar at confirmation.

Without prompt payment, the Employees may resign, exposing the estate to replacement costs and loss of customer goodwill.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

1. Authorizing, but not directing, the Debtor to pay the Wage Obligations and Payroll Taxes set forth in Exhibit A in an amount not to exceed the caps in 11 U.S.C. § 507(a)(4)-(5);

2. Waiving the 14-day stay imposed by Fed. R. Bankr. P. 6004(h); and

3. Granting such other and further relief as the Court deems just and proper.

                                                Respectfully submitted.

                                                /s/ Thomas C. Rollins, Jr.
                                                Thomas C. Rollins, Jr. (MSBN 103469)
                                                Jennifer A Curry Calvillo (MSBN 104367)
                                                The Rollins Law Firm, PLLC
                                                P.O. Box 13767
                                                Jackson, MS 39236
                                                601-500- 5533

## CERTIFICATE OF SERVICE

       I, Thomas C. Rollins, Jr., do hereby certify that I have this day electronically filed with the Court, a true and correct copy of the above and foregoing Motion on this date, June 30, 2025.  All interested parties will receive CM/ECF from the Court.

                                                /s/ Thomas C. Rollins, Jr.
                                                Thomas C. Rollins, jr.