IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:   BECKHAM JEWELRY, LLC | CHAPTER 11 |
| Debtor | CASE NO. 25-01234-JAW |

ANSWER AND RESPONSE TO MOTION FOR INTERIM AND
FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL

COMES NOW Craig M. Geno, the appointed Subchapter V Trustee in the above styled and numbered case (the "Trustee"), and files this his Answer and Response to the *Motion for Interim and Final Orders Authorizing Use of Cash Collateral* (the "Motion") **[DK #14]**, filed herein by Beckham Jewelry, LLC (the "Debtor") and, answering the allegations of the Motion paragraph by paragraph, would respectfully alleges as follows, to-wit:

1. Admitted.

2. Admitted.

3. The Trustee admits the Debtor is in control of cash collateral, and while the Secured Creditor "may" assert an interest in the Debtor's personal property (the Debtor does not own any real property), the Trustee does not believe that assertion is valid, nor does the Secured Creditor have an interest in post-petition assets, including cash collateral.

3[sic]. The Trustee admits the allegations of Paragraph 3 [sic] of the Motion, but does not admit that the Debtor's cash is actually cash collateral.

4. Admitted, although the Debtor's cash management has changed somewhat since the Motion was filed.

5. Admitted, although the *Interim Order Authorizing Use of Cash Collateral, Requiring Current Payment of Post-Petition Rent, and Providing Adequate Protection* **[DK #48]** has already been entered.

7.    Admitted as to what the Debtor asks in the Motion, but the Debtor should supplement the Motion with a forward looking budget since Exhibit "A" is limited to June 30, 2025.

### Last Unnumbered Paragraph

The Trustee admits the Debtor entitled to use cash, and if it is ultimately cash collateral, then the Debtor is entitled to use cash collateral, subject to the remaining provisions of this Answer and Response.

### AFFIRMATIVE RESPONSES

1.    There is no budget for the use cash/cash collateral going forward past June 30, 2025.

2.    The Trustee is sympathetic to the Debtor's issues about a budget because of the significant developments that have occurred, post-petition, with respect to the engagement of a liquidation agent and what that might mean to the Debtor's cash and cash flow, combined with the Debtor's outlay of expenses in connection with the retirement sale efforts.

3.    Experience will be the best indicator of the Debtor's needs going forward, but the creditors deserve at least the Debtor's good faith efforts at a budget that can contain some unusually high variances to take into account unanticipated costs and expenses that may occur, so that the Debtor would not have to bring those back to the Court if they eventually arise.

4.    There are certain expenses that are going to always be present that the Debtor could budget for that include to things like payroll, utilities, insurance (if available) and related costs that are more or less constant.

5.    The Trustee understands that income projections are very uncertain in the retirement sale arena, but some provisions could be made for the Debtor's best estimate as to income.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully prays that upon a hearing hereof, this Honorable Court will enter its order granting the Motion. The Trustee prays for general relief.

THIS, the /2*d* day of July, 2025.

          Respectfully submitted,

          CRAIG M. GENO, SUBCHAPTER V TRUSTEE

          By His Attorneys,

          LAW OFFICES OF CRAIG M. GENO, PLLC

          By: /s/ Craig M. Geno
                Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Beckham Jewelry, LLC\Pleadings\Ans,Resp re Debtor's Mot to Use CC 7-1-25.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Abigail M. Marbury, Esq.
Assistant United States Trustee
abigail.m.marbury@usdoj.gov

Thomas C. Rollins, Jr., Esq.
trollins@therollinsfirm.com

THIS, the /2*d* day of July, 2025.

          /s/ Craig M. Geno
          Craig M. Geno