**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE: Beckham Jewelry, LLC, Debtor             Case No. 25-01234-JAW
                                                CHAPTER 11

## MOTION FOR AUTHORITY TO PAY PRE-PETITION CLAIM OF CRITICAL VENDOR

Beckham Jewelry, LLC (the "Debtor"), by and through undersigned counsel, submits this *Motion for Authority to Pay Pre-Petition Claim of Critical Vendor*. The Court has jurisdiction under 28 U.S.C. §§ 157 & 1334; this is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O).

### Background

The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 14, 2025 (the "Petition Date") and elected treatment under Subchapter V. Thomas C. ("T.C.") Rollins, Esq. represents the Debtor; Craig Geno serves as the Subchapter V trustee (the "Trustee").

The Debtor operates a single-location retail jewelry store in Jackson, Mississippi, and continues to manage its property and business as debtor-in-possession pursuant to 11 U.S.C. §§ 1184 and 1107.

Stuller, Inc. ("Stuller") is a long-standing supplier of diamonds, gemstones, and other jewelry components that the Debtor uses to design, manufacture, and repair jewelry for its customers.

### Critical Vendor Status

Stuller is owed approximately $1,496.07 for goods provided to the Debtor prior to the Petition Date, as reflected in pre-petition invoices.

Stuller is a critical vendor because its products are essential to the Debtor's ability to continue operations and fulfill customer orders.

Without a steady supply of jewelry components from Stuller, the Debtor would be unable to complete repairs, fill custom orders, or maintain adequate inventory for retail sales.

If the Debtor is not authorized to pay Stuller's pre-petition claim, there is a substantial risk that Stuller will cease doing business with the Debtor, causing immediate and irreparable harm to the Debtor's operations and reorganization efforts.

## Basis for Relief

Bankruptcy Code §§ 105(a), 363(b), and 503 authorize the Court to permit the payment of pre-petition claims where such payment is necessary to preserve the going-concern value of the debtor's business.

The "Doctrine of Necessity" permits payment of pre-petition obligations to certain essential creditors whose continued services are critical to the debtor's operations and reorganization prospects. See *In re Just For Feet, Inc.,* 242 B.R. 821, 825 (D. Del. 1999).

Payment of Stuller's modest pre-petition claim is necessary to preserve the Debtor's ongoing operations and the value of the bankruptcy estate.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

1. Authorizing the Debtor to pay Stuller, Inc. the sum of approximately$1,496.07 for pre-petition goods provided prior to the Petition Date.
2. Granting Authorizing the Debtor to continue paying the Vendor in the ordinary course for post-petition services; and

3.  Granting such other and further relief as the Court deems just and proper.

                                              Respectfully submitted.

                                              /s/ Thomas C. Rollins, Jr.
                                              Thomas C. Rollins, Jr. (MSBN 103469)
                                              Jennifer A Curry Calvillo (MSBN 104367)
                                              The Rollins Law Firm, PLLC
                                              P.O. Box 13767
                                              Jackson, MS 39236
                                              601-500- 5533

## CERTIFICATE OF SERVICE

      I, Thomas C. Rollins, Jr., do hereby certify that I have this day electronically filed with the Court, a true and correct copy of the above and foregoing Motion on this date, August 15, 2025.  All interested parties will receive CM/ECF from the Court.

                                              /s/ Thomas C. Rollins, Jr.
                                              Thomas C. Rollins, jr.

25-01234-JAW Dkt 108 Filed 08/15/25 Entered 08/15/25 12:59:09 Page 4 of 4