## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE: Beckham Jewelry, LLC, Debtor**             **Case No. 25-01234-JAW**
                                                      **CHAPTER 11**

## MOTION FOR AUTHORITY TO PAY PRE-PETITION CLAIM OF CRITICAL VENDOR

Beckham Jewelry, LLC (the "Debtor"), by and through undersigned counsel, submits this *Motion for Authority to Pay Pre-Petition Claim of Critical Vendor*.  The Court has jurisdiction under 28 U.S.C. §§ 157 & 1334; this is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O).

### Background

The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 14, 2025 (the "Petition Date") and elected treatment under Subchapter V. Thomas C. ("T.C.") Rollins, Esq. represents the Debtor; Craig Geno serves as the Subchapter V trustee (the "Trustee").

The Debtor operates a single-location retail jewelry store in Jackson, Mississippi, and continues to manage its property and business as debtor-in-possession pursuant to 11 U.S.C. §§ 1184 and 1107.

Mason Magnum ("Vendor") has provided bookkeeping services to the Debtor for several years as an independent contractor (paid via IRS Form 1099).

The Vendor is critical to the ongoing operations of the Debtor because he works closely with the Debtor's CPA to ensure tax compliance, accurate accounting, and the preparation of the Monthly Operating Reports required in this Chapter 11 case.

### Critical Vendor Status

The Vendor is owed approximately $7,000 for pre-petition services rendered within the six months prior to the bankruptcy filing.

Since the Petition Date, the Vendor has continued to provide bookkeeping services essential to the Debtor's operations and compliance with the Bankruptcy Code.

If the Debtor is not permitted to pay the pre-petition claim, the Vendor may discontinue services, causing immediate and irreparable harm to the Debtor's ability to operate and comply with its reporting obligations.

## Basis for Relief

Bankruptcy Code §§ 105(a), 363(b), and 503 authorize the Court to permit the payment of pre-petition claims where such payment is necessary to preserve the going-concern value of the debtor's business.

The "Doctrine of Necessity" permits payment of pre-petition obligations to certain essential creditors whose continued services are critical to the debtor's operations and reorganization prospects. See *In re Just For Feet, Inc.,* 242 B.R. 821, 825 (D. Del. 1999).

Here, payment of the Vendor's pre-petition claim is necessary to ensure that the Debtor maintains accurate financial records, complies with U.S. Trustee requirements, and prepares accurate tax filings.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

1. Authorizing the Debtor to pay Mason Magnum the sum of approximately $7,000 for pre-petition services rendered within the six months before the Petition Date.

2. Granting Authorizing the Debtor to continue paying the Vendor in the ordinary course for post-petition services; and

3.  Granting such other and further relief as the Court deems just and proper.

Respectfully submitted.


/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500- 5533



CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that I have this day electronically filed with the Court, a true and correct copy of the above and foregoing Motion on this date, August 20, 2025.  All interested parties will receive CM/ECF from the Court.

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, jr.