IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:      BECKHAM JEWELRY, LLC      CHAPTER 11
           Debtor      CASE NO. 25-01234-JAW

**OBJECTION TO MOTION FOR AUTHORITY
TO ENTER INTO COMMERCIAL LEASE AGREEMENT**

COMES NOW Craig M. Geno, the appointed Subchapter V Trustee in the above styled and numbered case (the "Trustee"), and files this his Objection to the *Motion for Authority to Enter Into Commercial Lease Agreement* (the "Motion") **[DK #113]**, filed herein by Beckham Jewelry, LLC (the "Debtor") and, answering the allegations of the Motion, would respectfully alleges as follows, to-wit:

The Motion does not have separate numbered paragraphs as required by the rules, so it is difficult to answer in response to them meaningfully without wasting additional time and space, but the Trustee will do the best he can.

### Background

The Trustee admits the first two unnumbered paragraphs of the Background section, but denies the allegations, inferences and conclusions of the third paragraph of the Background section, at least for the time being.

### The Lease Agreement

With respect to the first paragraph of The Lease Agreement section, the Debtor had no authority to enter into the Lease on August 5, 2025. Further, until such time as the Debtor's plan is confirmed, the leasing of additional space is premature. The Debtor has previously represented that it does not need the existing space it is in, and was going to engage in more of the "private showing" jewelry business. In any event, the existing Lease is a nullity and there is no cause shown for exposing the estate to an administrative expense claim for a business that may very well not get a plan confirmed.

-2-

While the lease agreement might speak for itself, it is unknown what it actually says, because it is not attached as an exhibit

### Basis For Relief

The Trustee admits the noted authority in the first sentence of the first unnumbered paragraph of the Basis for Relief section speaks for itself. The Trustee denies the second sentence of the first unnumbered paragraph of the Basis for Relief section.

The Trustee denies the allegations, inferences and conclusions contained in the second unnumbered paragraph of the Basis for Relief section because there has been no showing the Debtor can successfully reorganize and, in fact, this case may be better suited to a liquidation.

### Requested Relief

The Trustee denies the three numbered paragraphs of the Requested Relief section, at least at this point in time.

### Last Unnumbered Paragraph

The Trustee denies that the Debtor is entitled to the relief demanded within the last unnumbered paragraph of the Motion or to other relief in the premises.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully prays that upon a hearing hereof, this Honorable Court will enter its order dismissing the Motion. The Trustee prays for general relief.

THIS, the 28th day of August, 2025.

    Respectfully submitted,

    CRAIG M. GENO, SUBCHAPTER V TRUSTEE

    By His Attorneys,

    LAW OFFICES OF GENO AND STEISKAL, PLLC


    By: */s/ Craig M. Geno*
        Craig M. Geno


OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Beckham Jewelry, LLC\Pleadings\Obj re Debtor's Mot to Enter Into Lease 8-28-25.wpd

## **CERTIFICATE OF SERVICE**

    I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

| | |
|---|---|
| Abigail M. Marbury, Esq.<br>Assistant United States Trustee<br>abigail.m.marbury@usdoj.gov | Thomas C. Rollins, Jr., Esq.<br>trollins@therollinsfirm.com |

THIS, the 28th day of August, 2025.

    */s/ Craig M. Geno*
    Craig M. Geno

-3-