IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     BECKHAM JEWELRY, LLC                      CHAPTER 11
           Debtor                                    CASE NO. 25-01234-JAW

ANSWER AND RESPONSE TO MOTION FOR AUTHORITY
TO PAY PRE-PETITION CLAIM OF CRITICAL VENDOR

COMES NOW Craig M. Geno, the appointed Subchapter V Trustee in the above styled and numbered case (the "Trustee"), and files this his Answer and Response to the *Motion for Authority to Pay Pre-Petition Claim of Critical Vendor* (the "Motion") **[DK #117]**, filed herein by Beckham Jewelry, LLC (the "Debtor") and, answering the allegations of the Motion, would respectfully alleges as follows, to-wit:

Once again, Debtor has not numbered its paragraphs in its Motion, which makes it difficult to respond, but the Trustee will do the best he can.

### Background

The Trustee admits the allegations of the first three unnumbered paragraphs of the Motion under the heading "Background."

With respect to the fourth unnumbered paragraph of the Motion under the heading "Background," the Trustee does not doubt that the Debtor needs an accountant in this case, although it is not necessary for an accountant to prepare the monthly operating reports. The Trustee has serious doubts as to whether or not the Vendor is actually a critical vendor.

### Critical Vendor Status

The Trustee admits the allegations of the first unnumbered paragraph of the Motion under the heading "Critical Vendor Status."

The Trustee admits the allegations of the second unnumbered paragraph of the Motion under the heading "Critical Vendor Status," although the Trustee does not quite understand why it is that

it is only now that the Debtor is filing an application to employ (if that is what this is), unless the Vendor is employed by Joshua Norris, PLLC (Debtor's "approved" accountants).

If the Vendor has already been employed by an order of the Court, he is not in a position to "discontinue services." If the Vendor has not yet been employed, the fault therein lies with the Debtor.

### Basis for Relief

The Trustee admits the noted Code sections speak for themselves, although it is a stretch to say that the latter two Code sections "permit" payment of pre-petition claims.

With respect to the second unnumbered paragraph of the Motion under the heading "Basis for Relief," the Doctrine of Necessity exists in some courts and the noted authority speaks for itself.

The Trustee denies the allegation of the last unnumbered paragraph of the Motion under the heading "Basis for Relief."

### Last Unnumbered (Untitled) Paragraph

The Trustee denies that the Vendor should be paid as a critical vendor, denies that the Vendor should be paid as an "ordinary course" professional for post-petition services and denies that the Vendor should be paid "ahead" of all other administrative expense claimants.

### AFFIRMATIVE RESPONSES

1. While the Vendor's pre-petition claim does not, in Subchapter V cases, disqualify the Vendor for providing services post-petition, nor is the Vendor's pre-petition claim barred from being paid under Subchapter V, it is unclear as to whether or not this should be an administrative expense or general, unsecured claim.

2. Moreover, the Vendor should already have been employed in this case so that at least the Vendor's post-petition services would not be at issue, and the Court could have considered whether his employment was as an ordinary course professional or as a professional like all the other professionals in this case.

3. In order to establish the Vendor as a critical vendor, the Vendor and the Debtor must establish that the Debtor cannot secure services of a comparable accountant, for comparable compensation, in the immediate area, and that the accountant is unwilling to continue with services absent payment of the pre-petition claim.

4. The accountant's work papers and work done thus far are not the property of the accountant - they belong to the bankruptcy estate. It seems it would be a relatively easy task for a similarly situated accountant to "pick up" with the work the accountant has previously done and complete tax returns. If the accountant has performed work post-petition with respect to monthly operating reports, those work papers also belong to the Debtor and can be used by another accountant.

5. Even though the pre-petition claim is not a disqualifying conflict and does not cause the Vendor to be "disinterested," the Vendor is not necessarily entitled to be paid all of the pre-petition claim "ahead" of Debtor's professionals and the Subchapter V Trustee. In the event the Court sees fit to classify the Vendor as a critical vendor, the Trustee respectfully submits that the Vendor should be paid at the same time that estate professionals and the Trustee are paid for post-petition compensation.

6. The Trustee denies the Vendor is an ordinary course professional and asserts that he should be subject to the same application, notice and a hearing process that estate professionals and the Subchapter V Trustee are subject to in this case, and every other, Chapter 11 case.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully prays that upon a hearing hereof, this Honorable Court will enter its order denying the Motion, or fashioning relief not inconsistent with the Trustee's concerns and objections expressed herein. The Trustee prays for general relief.

THIS, the 10th day of September, 2025.

                                            Respectfully submitted,

                                            CRAIG M. GENO, SUBCHAPTER V TRUSTEE

                                            By His Attorneys,

                                            LAW OFFICES OF GENO AND STEISKAL, PLLC

                                            By: _____
                                                   Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Beckham Jewelry, LLC\Pleadings\Ans,Resp re Debtor's Mot to Pay Pre-Petition Claim - Bookkeeper 9-10-25.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Abigail M. Marbury, Esq.  
Assistant United States Trustee  
abigail.m.marbury@usdoj.gov

Thomas C. Rollins, Jr., Esq.  
trollins@therollinsfirm.com

THIS, the 10th day of September, 2025.

_____  
Craig M. Geno