___



**SO ORDERED,**

*Jamie A. Wilson*

**Judge Jamie A. Wilson**
United States Bankruptcy Judge
Date Signed: October 27, 2025

The Order of the Court is set forth below. The docket reflects the date entered.
___

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| **IN RE:** | **BECKHAM JEWELRY, LLC** | **CHAPTER 11** |
| | Debtor | **CASE NO. 25-01234-JAW** |

### ORDER APPROVING FIRST APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF NECESSARY EXPENSES FOR CRAIG M. GENO

THIS CAUSE having come on for consideration of the *First Application for Allowance of Compensation and Reimbursement of Necessary Expenses for Craig M. Geno* **[DK #143]** (the "Application") filed herein by Craig M. Geno, the Subchapter V Trustee in this case (the "Trustee"), and the Court being fully advised in the premises, hereby finds as follows, to-wit:

1. Notice and a hearing were adequate and appropriate under the circumstances.

2. On May 15, 2025, the United States Trustee filed a *Notice of Appointment of Subchapter V Trustee* **[DK #13]** appointing Craig M. Geno as the Subchapter V Trustee in this case.

3. The substantial services rendered by Mr. Geno as Subchapter V Trustee and the expenses incurred by the Trustee benefitted the estate. An Affidavit reflecting said services rendered and expenses incurred was attached to the Application as Exhibit "A" and is incorporated herein by reference. The Affidavit also certified and represents to the Court that the services rendered by the Trustee were reasonable and necessary and that said services had actually been rendered. A detailed itemization of such services and expenses was attached to the Application as Exhibit "B" and is

incorporated by reference.

4. The fees and expenses charged and incurred represent reasonable and necessary fees and expenses that were required to be extended by the Trustee in all matters which are anticipated to arise in the functioning of litigation matters, case administration and to protect and preserve all rights of the Debtor and the interests of creditors in furtherance of the Trustee's obligations herein; and they represent normal and customary fees and expenses incurred and charged for trustees in similar cases. The time, skill and experience utilized by the Trustee justify the approval of the Application.

5. This is the Trustee's first request for allowance of compensation for professional services rendered in this proceeding. This request covers the period from May 15, 2025, to and including September 22, 2025, and is for the sum of $8,374.58 ($8,337.50 in fees and $37.08 in expenses).

6. Applicant is entitled to compensation for professional services rendered as Subchapter V Trustee and reimbursement of expenses he has incurred on behalf of the Debtor pursuant to the provisions of 11 U.S.C. § 330. Therefore, the Application should be approved.

IT IS ACCORDINGLY, ORDERED:

A. Craig M. Geno is hereby allowed compensation and reimbursement of expenses in the sum of $8,374.58 ($8,337.50 in fees and $37.08 in expenses).

B. The sum approved and allowed by this Court as compensation and reimbursement for expenses is a priority administrative expense as set forth in 11 U.S.C. §§ 503(b)(2) and 507(a)(2), and the Trustee is authorized to apply funds he holds in escrow to the awarded fees and expenses, and the Debtor is authorized and directed to pay the balance of the awarded fees and expenses..

## END OF ORDER ##

SUBMITTED BY:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Beckham Jewelry, LLC\Fee Apps\CMG\1st\Order.wpd