IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    **BECKHAM JEWELRY, LLC**                    **CHAPTER 11**
          **Debtor**                                  **CASE NO. 25-01234-JAW**

### REPORT AND OBJECTION TO PLAN OF REORGANIZATION UNDER SUBCHAPTER V OF CHAPTER 11

COMES NOW Craig M. Geno, the appointed Subchapter V Trustee in the above styled and numbered case (the "Trustee"), and files this his Report and Objection to the *Plan of Reorganization Under Subchapter V of Chapter 11* (the "Plan") **[DK #146]**, filed herein by Beckham Jewelry, LLC (the "Debtor") and would respectfully allege as follows, to-wit:

1. The Plan refers, in a number of instances, to the Debtor's "Net Operating Income" in analyzing what distributions may be made from the Debtor's income to the various classes of creditors. Technically, Subchapter V does not use the term "net operating income," but instead uses the term "projected disposable income." While this is somewhat technical, there is a difference in net operating income and <u>projected</u> disposable income. The Plan should be amended to reflect the correct requirement of 11 U.S.C. § 1191(a)(2) as to the correct standard.

2. The Debtor's budget and statements of income provide a relatively stable budget but a somewhat fluctuating gross income stream. While the use of an estimated gross income stream ties directly to the phrase Net Operating Income, it does not necessarily "fit" with the term "projected disposable income." As a suggestion, if the Debtor wants to provide a conservative estimate of projected disposable income, it can use the lower range of projected gross sales and, if it is willing, it can then "true up" the actual income (which would then become net operating income as opposed to projected disposable income) at the end of each quarter or, for administrative ease, maybe annually or semiannually. That will provide creditors with a known projected disposable income,

with the possibility of an increase if there is more net operating income available at the end of each quarter, or semiannually or annually.

3. The Trustee notes that the liquidation analysis the Debtor provides, estimates that at a "bulk" liquidation/auction, the Debtor would only receive 30% of the stated value of the inventory. If the exit strategy in liquidation is that of a "going out of business" sale, that percentage increases dramatically and that certainly should be the way the exit liquidation strategy should be conducted. While that may not make any difference as to the ultimate projected disposable income, it does make a difference in the best interest of creditors test.

4. The Debtor provides for a reserve of $30,000 throughout the Plan. The Trustee has no objection to that and it is probably a good idea, but at the end of the Plan, it appears the Debtor simply intends to "keep" the $30,000 reserve. Monthly expenses are "only" approximately $12,000, so it does not appear that the Debtor needs to "keep" the entire $30,000 reserve at the end of the Plan.

5. In the event the Court sees fit to confirm the Plan, it should be clear in the confirmation order whether the Plan is consensual or non-consensual, and the impact that has upon discharge.

6. The Plan does not appear to have adequate default provisions or remedies upon default under the Plan. The Trustee does not object to that being added to the confirmation order and amending the Plan for adequate default provisions in the confirmation order.

7. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully prays that in the event the Court sees fit to confirm the Plan, the Trustee files this report, objection and suggestions that the

Trustee believes will enhance the Plan and its possibilities for success. The Trustee prays for general relief.

THIS, the 4th day of November, 2025.

Respectfully submitted,

CRAIG M. GENO, SUBCHAPTER V TRUSTEE

By His Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: /s/ Craig M. Geno
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Beckham Jewelry, LLC\Pleadings\Report,Obj re Debtor's SubV Plan 11-4-25.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Abigail M. Marbury, Esq.
Assistant United States Trustee
abigail.m.marbury@usdoj.gov

Thomas C. Rollins, Jr., Esq.
trollins@therollinsfirm.com

THIS, the 4th day of November, 2025.

/s/ Craig M. Geno
Craig M. Geno

-3-