UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:        BECKHAM JEWELRY, LLC            CASE NO. 25-01234-JAW

DEBTOR(S)                                     CHAPTER   11

UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS'
AMENDED SUBCHAPTER-V PLAN OF REORGANIZATION
(DKT. #176)

COMES NOW David W. Asbach, Acting United States Trustee for Region 5 ("UST"), by and through undersigned counsel, and files this Objection to Debtors' Amended Subchapter-V Plan of Reorganization (DKT. #176), and in support thereof respectfully submits the following:

1.    On October 1, 2025, Debtor filed the Subchapter-V Plan of Reorganization. (DKT. #146). Craig Geno, the subchapter V trustee filed an objection (DKT. #161). The parties agreed to continue the confirmation hearing providing the Debtor with an opportunity to file an amended plan within 60 days (DKT. #65).

2.    On January 16, 2026, Debtor filed their Amended Subchapter-V Plan of Reorganization ("Amended Plan"). (DKT. #176). The UST objects to the Amended Plan based on feasibility. While the Amended Plan acknowledges the Debtor has attempted to reduce his monthly expenses, the monthly operating reports ("MORs") filed do not reflect any significant effort to do so. Instead, the reports indicate the Debtor's inability to fund the Amended Plan as written. Moreover, the MORs filed since May 2025 show the Debtor periodically operating with a negative cash flow, as was shown in the previous MORs filed for September 2025 through January 2026.

3. Previously, the Debtor requested and was given court approval to conduct a liquidation of its inventory. According to the Plan, this sale generated approximately $260,000 in net proceeds for the estate and was reflected in the August 2025 MOR as cash on hand at the end of the month in the amount of $250,950.32.

4. In the month of September 2025, the Debtor's monthly operating report (DKT. #154) shows income of $1,347.67 and disbursements of $81,507.27 with a net cash flow of $-80,159.60.

5. In the month of October 2025, the Debtor's monthly operating report (DKT. #169) shows income of $5.84 and disbursements of $27,886.31 with a net cash flow of $-27,880.47.

6. In the month of November 2025, the Debtor's monthly operating report (DKT. #173) shows income of $8913.59 and disbursements of $23,956.79 with a net cash flow of $-23,043.20.

7. In the month of December 2025, the Debtor's monthly operating report (DKT. #191) shows income of $9,944.34 and disbursements of $15,790.33 with a net cash flow of $-5,846.66.

8. In the month of January 2026, the Debtor's monthly operating report (DKT. #192) shows income of $5,142.57 and expenses of $27,779.41 with a net cash flow of $-22,636.84.

9. Of the 9 MORs filed since May 2025, the Debtor's have operated with a positive cash flow for only four of those nine months. Two of those months were during the inventory liquidation sale which generated $260,000 in net proceeds for the estate. Taking out the two months of liquidation sales, the Debtor's average monthly income is $6,261.66. According to the Debtor's anticipated budget, the Debtor has calculated monthly expenses to be $11,708.75

10. According to the Plan, the Debtor anticipates an effective date distribution of $85,000.00 of which $20,597.60 will be applied to the secured claim of Kapitus. The remaining is to be applied to administrative expenses with any excess to be applied to the priority tax claims. Per the January 2025 MOR (DKT. #192) the Debtor has $72,020 cash on hand in which to make the payment.

11. It has not been clearly indicated on the MORs, that the Debtor has generated enough income to reliably stay in a positive net cash flow each month. The anticipated income each month is speculative at best.

12. Any order confirming the Plan needs to specify that the Subchapter-V Trustee fees are administrative expenses. If the Plan is confirmed consensually, any order entered should provide a date certain upon which the Subchapter-V Trustee's final fee application shall be filed and that said fees shall be paid in full thereafter. If the Plan is confirmed as non-consensual, any order entered shall state the frequency of payments to the subchapter-V trustee and the amount of said payments. The amount of fees for the debtors' attorney need to be listed under this subpart as well as when they will be paid.

13. The UST reserves the right to object on additional grounds at the hearing of this matter.

WHEREFORE, PREMISES CONSIDERED, the United States Trustee prays that the Court deny confirmation of the Debtor's Amended Plan. The United States Trustee also prays for all general relief to which he may be entitled in these premises.

RESPECTFULLY SUBMITTED, this the <u>10th</u> day of March 2026.

                                                        DAVID W. ASBACH
                                                        Acting United States Trustee

                                          Region 5, Districts of
                                          Louisiana and Mississippi

                             By:    */s/Steven Usry*
                                          STEVEN USRY

STEVEN USRY (MSB #100922)
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. TRUSTEE
501 EAST COURT STREET, SUITE 6-430
JACKSON, MISSISSIPPI  39201
TEL: (601) 965-5247
EMAIL:  steven.usry@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served on the below-named individual(s) this day via first class U.S. Mail at the address listed below or electronically served via the electronic mail address on file with the Court's CM/ECF system:

| Thomas C. Rollins | Craig M. Geno |
|---|---|
| *Attorney for Debtor* | *Subchapter-V Trustee* |

DATED, this the 10th day of March 2026.

                                               By:    */s/Steven Usry*
                                                      STEVEN USRY