## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:        **BECKHAM JEWELRY, LLC**                              **CHAPTER 11**
              **Debtor**                                    **CASE NO. 25-01234-JAW**

### OBJECTION TO AMENDED PLAN OF
### REORGANIZATION UNDER SUBCHAPTER V OF CHAPTER 11

COMES NOW Craig M. Geno, the appointed Subchapter V Trustee in the above styled and numbered case (the "Trustee"), and files this his Objection to the *Amended Plan of Reorganization Under Subchapter V of Chapter 11* (the "Plan" or "Amended Plan") **[DK #176]**, filed herein by Beckham Jewelry, LLC (the "Debtor") and would respectfully allege as follows, to-wit:

1.      Feasibility is obviously an issue in this case.  Debtor's Amended Plan states that it netted $260,000 from the Court approved liquidation sale.  Most of that is gone, and, while the Debtor has used the funds to pay for "moving" costs from its prior location, and to set up its current location, the investment the creditors made in the case has not proved to be a wise one under the circumstances.

2.      Debtor probably could (and should) have reduced its overhead in several respects prior to the Trustee's *Emergency Motion for Status Conference* **[DK #185]**, but it appears the Debtor is at least making some steps toward a reduction in unnecessary expenses and to streamline the business for what it is now - an appointment-based "specialty" jewelry store catering to the specific needs to a limited clientele.

3.      Feasibility is further impacted by the amount of administrative expense claims/claims of professionals and the priority tax claims of almost $47,000.  And, the Debtor has segregated, for the benefit of Kapitus, some $21,000 which further creates feasibility problems because those funds are earmarked for one specific creditor.

4.     Although the above issues are certainly concerns, the real feasibility issue is the top line or revenue generated by the transition to a custom jewelry/appointment-based store.  In light of the very limited experience the Debtor has had with respect to this transition, it is somewhat difficult to analyze the performance thus far.  However, it is all we have to go on and the actual experience is not a favorable one with respect to revenue generated as an appointment-based, specialty store.  The Trustee certainly appreciates the Debtor's honest assessment of its business that could no longer "carry" itself as a full blown retail store, and he certainly realizes and appreciates that the transition cannot occur overnight.  Unfortunately, as noted, the recent experience is all that we have to go on and that does not bode well for plan feasibility.

5.     If the Debtor was limping along, at least generating enough revenue to pay overhead and a little more, perhaps the "investment" the creditors are making in the Debtor's business (in light of the significant reduction in cash from the end of the Court-ordered sale and now), feasibility might appear to be achievable, but that is not the factual scenario with which we are presented.

6.     The Trustee appreciates the careful analysis the Debtor and its counsel have engaged in with respect to liquidation values and analysis, but it is difficult for the Trustee to support the Amended Plan with its limited revenue based on actual experience, compared with a one-time, one-shot liquidation value that would end all speculation and be much more of a certainty than the speculative nature of a fledgling business that is struggling.

7.     There are some other, technical issues with the Plan that the United States Trustee has pointed out, but speculative feasibility versus the more or less "sure thing" liquidation brings, are the Trustee's primary concerns.

8.     Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully prays that upon a hearing hereof, this Honorable Court will deny confirmation. The Trustee prays for general relief.

THIS, the _____10th_____ day of March, 2026.

Respectfully submitted,

CRAIG M. GENO, SUBCHAPTER V TRUSTEE

By His Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Subchapter V Cases\Beckham Jewelry, LLC\Pleadings\Obj re Debtor's Am SubV Plan 3-10-26.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Abigail M. Marbury, Esq.                    Thomas C. Rollins, Jr., Esq.
Assistant United States Trustee             trollins@therollinsfirm.com
abigail.m.marbury@usdoj.gov

THIS, the _____10th_____ day of March, 2026.

_____
Craig M. Geno

-3-