**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: BECKHAM JEWELRY, LLC,** **CASE NO. 25-01234-JAW**
**Debtor.** **CHAPTER 7**

---

**FINAL APPLICATION FOR ALLOWANCE OF PRECONVERSION COMPENSATION AND REIMBURSEMENT OF EXPENSES**

---

Thomas C. Rollins, Jr., former counsel for Beckham Jewelry, LLC as debtor in possession, applies under 11 U.S.C. § 330 and Federal Rule of Bankruptcy Procedure 2016(a) for final allowance of the compensation and expenses previously allowed on an interim basis by Dkt. 171.

1. The Debtor commenced this case under Chapter 11 on May 14, 2025. The Court approved The Rollins Law Firm, PLLC as counsel under 11 U.S.C. § 327(a) by its June 18, 2025 order (Dkt. 76). The case was converted to Chapter 7 by the order entered June 26, 2026 (Dkt. 222).

2. On October 30, 2025, Applicant filed the First Application for Allowance of Compensation and Reimbursement of Necessary Expenses (Dkt. 160), covering May 12 through October 24, 2025. It requested $39,144.00 in fees and $2,091.02 in expenses, totaling $41,235.02. The itemized invoice was filed as Dkt. 160-1.

3. By its December 4, 2025 order (Dkt. 171), the Court allowed those amounts on an interim basis. The order found the services actual, necessary, and beneficial to the estate and the requested compensation reasonable. It required a $10,038.60 credit for the retainer previously paid in jewelry and expressly reserved final review upon submission of a final fee application.

4. On August 3, 2026, The Rollins Law Firm, PLLC filed Claim No. 18 for the resulting $31,196.42 balance. The claim describes that amount as a preconversion Chapter 11 administrative expense under 11 U.S.C. §§ 330, 503(b)(2), and 507(a)(2), subject to § 726(b). Its accounting states that no payment had been received on the awarded compensation after

application of the retainer as of the claim date. A complete copy of the filed claim and its supporting order, application, and invoice is attached as Exhibit A.

5. Applicant requests final allowance of $41,235.02, with the $10,038.60 retainer credit preserved, leaving $31,196.42, less any subsequent payments, on the obligation identified in Claim No. 18.

6. The detailed invoice and prior application are incorporated into this application. The services included case preparation and administration, cash-collateral matters, business operations and liquidation-sale issues, lease matters, negotiations with creditors and other professionals, operating reports, and plan work.

7. The invoice reports 111.6 hours, including 2.6 hours at no charge. Attorney fees total $36,696.00; paraprofessional fees total $2,448.00. Attorney rates were $400.00 and $360.00 per hour, with 0.6 hour billed at $200.00. Paraprofessional rates were $155.00 or $100.00, apart from the no-charge time. The $2,091.02 of expenses consists of the filing fee, service costs, and postage shown in the invoice.

8. Under 11 U.S.C. § 330 and Federal Rule of Bankruptcy Procedure 2016(a), Applicant submits the existing itemization and supporting affidavit for final allowance. The requested compensation is supported by the services performed and their necessity and reasonable anticipated benefit when undertaken.

9. The requested unpaid allowance is a preconversion Chapter 11 administrative expense. Payment remains subject to 11 U.S.C. § 726(b), available estate funds, and the Court's orders governing distributions.

WHEREFORE, Applicant requests a final award of $39,144.00 in compensation and $2,091.02 in expenses, totaling $41,235.02; application of the $10,038.60 retainer credit; final allowance of the resulting $31,196.42 preconversion administrative balance, reduced by any later payments; payable as a preconversion Chapter 11 administrative expense subject to § 726(b).

Respectfully submitted,

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Former Counsel for the Debtor in Possession